Jerry WHITE, Petitioner-Appellant,

v.

L. B. SULLIVAN, Commissioner of Alabama Prison System, et al., Respondents-Appellees.

No. 73–1385.

United States Court of Appeals, Fifth Circuit.

Feb. 22, 1973.

Jerry White, pro se.

Arthur K. Bolton, Atty. Gen., Atlanta, Ga., for respondents-appellees.

Before THORNBERRY, GOLDBERG and RONEY, Circuit Judges.

PER CURIAM:

Jerry White, an Alabama State prisoner incarcerated in the Mt. Meigs Medical and Diagnostic Center, has applied to this Court for leave to appeal *in forma pauperis* [1] from the district court's summary dismissal of a Civil Rights complaint [2] filed by him. We grant the motion and summarily affirm

1. 28 U.S.C. § 1915.

2. 42 U.S.C. § 1981 et seq.; 28 U.S.C. §§ 2201 and 2202.

in part and summarily vacate and remand in part.[3]

In the action filed below, White sought damages and relief in the nature of injunction on behalf of himself and twenty-six prisoners in solitary confinement arising out of the prison officials' refusal to allow the solitarily confined prisoners to communicate with the courts and their attorneys. Although White failed to allege that he was in solitary confinement and was then being denied access to the courts, he stated that "he is a part of an institutional population which must live from day to day under constant threats of [such] misconduct." He further argued that "[i]t seems therefore that Plaintiff is injured, is a member of a class which is injured and is thus competent to maintain a class action for himself and others similarly situated."

The district court peremptorily dismissed the complaint on grounds that White could not properly maintain an action complaining of the conditions of solitary confinement on behalf of those so confined, if he himself was not presently subjected to those conditions.

■■ We agree with the court below insofar as it concluded that White was not a member of the class of twenty-six prisoners for which damages and injunctive relief was sought; and that ruling is affirmed. We do not, however, agree with the court's conclusion that White did not present a justiciable controversy on behalf of himself and the other prisoners of Mt. Meigs who face the daily threat of suffering from the denial of access to court while in solitary confinement.

A similar situation was presented to this Court in Massimo v. Henderson, 5th Cir. 1972, 468 F.2d 1209. In that case the appellant, who was incarcerated in the United States Penitentiary at Atlanta, filed a petition for mandamus and for injunctive relief seeking the release of two fellow inmates from solitary confinement, and enjoining the further use of the solitary cells due to the allegedly subhuman conditions therein. Although the appellant himself was no longer confined in solitary, this Court held that the district court was clearly erroneous in dismissing the appellant's action for injunctive relief on grounds that he was not involved in the action. The district court's dismissal of that part of the action seeking the release of the two other inmates was affirmed since the appellant was not an attorney and not qualified to file on their behalf.

On the basis of *Massimo, supra,* we hold that Petitioner White has the requisite standing to maintain this action on his own behalf and on behalf of those not presently confined in solitary, but who face threatened imposition of alleged unconstitutional conditions of imprisonment when placed in solitary confinement.[4]

Therefore, the district court's dismissal of the class action on behalf of the twenty-six prisoners in solitary confinement is affirmed; and the dismissal of the class action on behalf of the general prison population threatened with being placed in solitary is vacated and remanded for consideration on the merits of the allegations.

Affirmed in part; vacated and remanded in part.

---

3. It is appropriate to dispose of this case summarily. See Groendyke Transportation, Inc. v. Davis, 5th Cir. 1969, 406 F.2d 1158.

4. See Andrade v. Hauck, 5th Cir. 1971, 452 F.2d 1071.