**Beverly L. B. PARKER**

v.

**Drew LEWIS, Secretary, Department of Transportation, Appellant.**

**No. 81–1965.**

United States Court of Appeals, District of Columbia Circuit.

Dec. 9, 1981.

As Amended Jan. 8, 1982.

Before WALD, MIKVA and EDWARDS, Circuit Judges.

ORDER

Upon consideration of appellee's motion for summary affirmance or, in the alternative, for an expedited appeal and memorandum in support thereof, and of appellant's opposition to appellee's motion, it is

ORDERED by the Court that the motion for summary affirmance is granted in part and denied in part. The judgment for payment of $14,341.74 to plaintiff for attorneys' fees and costs is summarily affirmed as to the assessment of hours not contested below, as to the $140.79 of costs, and as to attorneys' fees for the two experienced attorneys insofar as they do not exceed $60 per hour. This judgment is thus summarily affirmed in the amount of $3,516.39. The judgment for payment of $3,000 to plaintiff for her pro se services is summarily affirmed. The remainder of the district court's award is not *summarily* affirmed but will be considered by a merits panel of this court. It is

FURTHER ORDERED by the Court that the motion for expedited appeal is granted, and the following briefing schedule will apply:

| | |
|---|---|
| Appellee's Brief | December 24, 1981 |
| Appellant's Reply Brief and Joint Appendix | December 31, 1981 |

The reasons for the foregoing dispositions are set out in the accompanying memorandum.

PER CURIAM.

## MEMORANDUM

This matter is before the court on appellee's motion for summary affirmance or expedition. The district court's decision is not so totally free from doubt that summary affirmance of the entire judgments appealed from is appropriate under the standard of *United States v. Allen*, 408 F.2d 1287, 1288 (D.C.Cir.1969). We are greatly concerned, however, about the inequity in the postponement of any fees to appellee's attorneys during the entire pendency of a normal appeal.[1] We thus grant summary affirmance as to an amount that either is not contested or is not contestable, and we expedite the remainder of the case.

The district court determined reasonable hourly rates for these attorneys' services to be amounts up to $138 per hour. We are not prepared to affirm that determination summarily. We note, however, that the Government itself, by its stated policy of agreeing to pay up to $60 per hour when it is liable for attorneys' fees, effectively concedes that $60 an hour is a reasonable amount for experienced attorneys.[2] It is uncontested that Ms. Newman and Ms. Ambler are experienced attorneys. The award of $3,000 to appellant for her pro se services is not contested. Thus we summarily affirm the district court's decision in the amount determined as follows:

| Attorney | Hours | Hourly Rate | Total Fee |
|---|---|---|---|
| Elizabeth Newman | 49.06[3] | $60 | $2943.60 |
| Valerie Ambler | 7.20 | $60 | $432.00 |
| Beverly Parker | 60.00 | $50 | $3000.00 |
| | | TOTAL | $6375.60 |

1. Appellee prevailed below, but appellant obtained a stay as of right under Fed.R.Civ.P. 62(d). Under Fed.R.Civ.P. 62(e) appellant, as an officer of the federal government, was not required to post a bond.

2. It is difficult to accept the bona fides of a contention that a $60 per hour fee is the appropriate *maximum* for an experienced attorney in the District of Columbia.

The district court's award of $140.79 for postage, etc. is also summarily affirmed, bringing the total amount to which appellee is entitled immediately to $6,516.39. We reemphasize that our failure to grant summary affirmance as to the remaining amount in no way implies that the award was improper; we decide only that it deserves further consideration, and that the amount as to which we do grant summary affirmance is a bare minimum to which appellee is clearly entitled.

Finally, we note why we feel compelled to assure a quick conveyance of funds to appellee and an expeditious determination of any additional attorneys' fees due. No interest is accruing on the district court's judgments, for appellant, as an officer of the government, cannot be charged with interest. *See, e.g., Holly v. Chasen*, 639 F.2d 795 (D.C.Cir.1981) (per curiam). The time value of money is a relevant consideration in a period of high interest rates and sometimes slow-moving litigation. Even this might well not move us to expedite a case in which there was doubt as to the correctness of the district court's judgment. But this is a case in which only the *amount* of the judgment is open to any dispute, and a large portion of the award is uncontestable. We are concerned that the public policy dictating that attorneys' fees be awarded not be completely undercut by routine delays in payment of fees that are properly due and owing. Such delays have the potential to dampen substantially attorneys' enthusiasm to undertake discrimination cases. The court should not allow delay in cases such as this one to undermine the efficacy of Title VII policy.

3. The district court awarded attorneys' fees for 50.66 hours of Ms. Newman's time. The Government unsuccessfully contested 1.6 of these hours. We leave determination of the correctness of the ruling on these 1.6 hours to the merits panel.