Sandra K. BARNES and Robert
E. Barnes

v.

UNITED STATES of America,
Appellant.

No. 82–5095.

United States Court of Appeals,
Third Circuit.

Argued April 1, 1982.

Decided May 10, 1982.

---

Brendan V. Sullivan, Jr., F. Whitten Peters (argued), Williams & Connolly, Washington, D. C., James L. Weisman, Weisman, Pass & Swartz, Pittsburgh, Pa., for appellees.

J. Paul McGrath, Asst. Atty. Gen., Washington, D. C., J. Alan Johnson, U. S. Atty., Pittsburgh, Pa., Sandra L. Jenkins (argued), Jeffrey Axelrad, Attys., Civ. Div., Dept. of Justice, Washington, D. C., for appellant.

Before GIBBONS, SLOVITER and BECKER, Circuit Judges.

## OPINION OF THE COURT

GIBBONS, Circuit Judge:

This case is before the court on an appeal by the United States from a final judgment in favor of the plaintiff Sandra Barnes for $1,577,112.67 in her suit under the Federal Tort Claims Act, 28 U.S.C. § 1346(b) and § 2671 *et seq.* (1976). The suit is for injuries sustained as a result of a swine flu inoculation administered under the National Influenza Immunization Program. The United States admitted liability and the issue of damages was tried to the court. The trial court held that Mrs. Barnes was entitled to damages as follows:

| | |
|---|---:|
| Medical expenses | $ 15,255.13 |
| Home improvements to June 15, 1981 | 18,875.36 |
| Miscellaneous expenses | 3,533.50 |
| Bureau of Vocational Rehabilitation expenses | 2,842.44 |
| Child and homemaker costs | 3,450.00 |
| House alterations | 77,731.50 |
| Lost wages to June 15, 1981 | 75,708.74 |
| Future lost wages | 665,716.00 |
| Future cost of paraplegic equipment | 48,000.00 |
| Pain and suffering | 666,000.00 |
| Total | $1,577,112.67 |

Judgment was entered in the total amount on June 29, 1981 and the government appealed.[1] The government's brief on appeal discloses, however, that the only item of damages which it contests on appeal is the award of $665,716.00 in future lost wages. Thus of the $1,577,112.67 awarded, the government concedes that it is liable for $911,396.67.

In light of that concession Barnes has moved for partial summary affirmance to the extent of $911,396.67. She points out that payments of judgments against the United States are made by the General Accounting Office, but only after they have become final. 28 U.S.C. § 2414 (Supp. II 1978). Thus no payment will be made on the uncontested $911,396.67 until after this appeal and any possible post appeal proceedings are concluded. Meanwhile interest does not accrue until "such judgment becomes final after review on appeal," 31 U.S.C. § 724a (Supp. III 1979), and even then the interest rate is 4 per cent per annum, 28 U.S.C. § 2411(b) (1976).[2] This rate is significantly below that at which the United States currently is borrowing in the market and the rate which Barnes could earn if she had the $911,396.67 in hand. If the undisputed amount of the judgment were affirmed as a separate judgment, the General Accounting Office could pay it.

The government opposes the motion for partial summary affirmance, contending that this court lacks the power to afford such relief. We disagree, and grant the motion.

The starting point for our analysis is the very broad language governing the relief available in a federal appellate court.

> The Supreme Court or any other court of appellate jurisdiction may affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review, and may remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such further

---

1. A separate judgment in favor of Robert E. Barnes for loss of consortium in the amount of $200,000, entered as a final judgment pursuant to Fed.R.Civ.P. 54(b), has been paid and is not appealed.

2. Title III of the Federal Courts Improvement Act of 1982, Pub.L.No.97–164, 96 Stat. 25, changes the law with respect to interest on judgments rendered by the federal courts, including judgments against the United States. Its effective date, however, is October 1, 1982.

proceedings to be had as may be just in the circumstances.

28 U.S.C. § 2106 (1976). The motion for partial summary affirmance requires that we determine whether the statute authorizes us (1) to act summarily, (2) to order the entry of judgment on undisputed elements of damages while ordering further proceedings respecting disputed elements, and (3) to act on part of an appeal while retaining jurisdiction over the balance.

 There can be no dispute about our power to act summarily. Summary disposition by appellate courts, while not routine, is certainly not uncommon. Unquestionably we could act summarily on the whole appeal. *E.g., White v. Sullivan*, 474 F.2d 16 (5th Cir. 1973); *Groendyke Transport, Inc. v. Davis*, 406 F.2d 1158 (5th Cir.), *cert. denied*, 394 U.S. 1012, 89 S.Ct. 1628, 23 L.Ed.2d 39 (1969).

 The government makes two objections to our power to direct the entry of judgment on undisputed elements of damages. It contends, first, that such relief amounts to the impermissible splitting of a cause of action, and second, that it is proscribed by the terms of the Federal Tort Claims Act. These objections are not directed against the summary nature of an appellate disposition. They are equally applicable to the relief which would be available after full briefing and argument. Both of them present the question whether, if we were required to remand for further proceedings on the disputed computation of future lost wages, it would be beyond our power to direct the entry of final judgment for the undisputed $911,396.67. In addressing it we note that we are not reviewing a judgment entered on a jury verdict. Thus the distinct issue of entitlement to a single jury determination of damages is not presented. *See Gasoline Products Co., Inc. v. Champlin Refining Co.*, 283 U.S. 494, 51 S.Ct. 513, 75 L.Ed. 1188 (1931). Certainly we would not expect the trial court, on remand, to reconsider damage issues which are not disputed. The liability of the government for $911,396.67 would be fixed. Moreover this is not a situation in which the plaintiff has "split" a cause of action by attempting to maintain a second action after having obtained a judgment in the first. Barnes has obtained a single judgment covering her entire claim, and any metaphysical "splitting" is the result of the defendant trying to deprive her of part of it.

There is some hoary authority for the proposition that a portion of a single judgment at law cannot be affirmed. *Kean v. National City Bank*, 294 F. 214, 227 (6th Cir. 1923), *cert. denied*, 263 U.S. 729, 44 S.Ct. 179, 68 L.Ed. 528 (1924). What is absent in the discussion of the question is any reason for such a rule. If there is any, it may possibly have something to do with the role of the jury and the seventh amendment. At least with respect to matters tried to the court, however, such authority as appears is to the effect that an appellate court can actually enter judgment for the undisputed part of a claim for damages, while remanding for further consideration of other elements of damages. *Smith v. Dravo Corp.*, 208 F.2d 388, 391–94 (7th Cir. 1953). Recently the Court of Appeals for the District of Columbia Circuit took the equally logical step of granting in part a motion for summary affirmance for the undisputed part of an award of attorneys fees, while retaining jurisdiction over the appeal of the disputed part. *Parker v. Lewis*, 670 F.2d 249 (D.C.Cir.1981). The government suggests that *Parker v. Lewis* did not involve the mystical "splitting" of a cause of action because the fee claim was separate from the underlying Title VII claim. That contention is erroneous, for the court affirmed a part of the fee award. *Parker v. Lewis* is also instructive on the third question: whether we can affirm in part while retaining jurisdiction. The court did so, and its decision is in that respect obviously sound. If a judgment for the undisputed part of a claim could be entered while proceedings went forward in the trial court, no reason suggests itself for a different rule with respect to ongoing proceedings in the appellate court.

Another issue which Barnes' motion does not present is the scope of the district

court's power under Fed.R.Civ.P. 54(b) to direct the entry of final judgment on a separate claim. Rule 54(b) interacts with the final judgment rule codified in 28 U.S.C. § 1291 (1976), and there are recognized limits to a trial court's powers under the rule. But once an appeal is properly before this court, there is no reason why our powers under Section 2106 should be deemed to be as circumscribed as those of a trial court acting on a Rule 54(b) application. Thus our recognition of our authority to direct the entry of a final judgment for the undisputed part of a claim for money damages should not be construed as authority for actions under that rule.

Unless, therefore, some provision in the Federal Tort Claims Act limits Section 2106, it affords authority to grant the relief which Barnes requests. The government points to 28 U.S.C. §§ 2411, 2414 and 2672, and to 31 U.S.C. § 724a. We have carefully examined each of these references, and we detect no limitation on the authority conferred in Section 2106. Section 2411(b) is the provision, now repealed, fixing the annual interest rate on a judgment against the United States at 4 per cent. It simply does not speak to the issue before us. Section 2414 provides that the General Accounting Office shall pay final judgments, but it does not define that term. Section 2672 provides for administrative adjustment of claims and specifies, in part:

> The acceptance by the claimant of any such award, compromise, or settlement shall be final and conclusive on the claimant, and shall constitute a complete release of any claim against the United States ... by reason of the same subject matter.

Relying on this language, the government contends that federal agencies are prohibited from making partial settlement of claims. That meaning is hardly self-evident in the overall context of Section 2672. But assuming it is the government's position that it will not permit its agents to make partial settlement of claims, the reasons for the adoption of that policy, whatever they are, can have no relevance to the claims which are not settled, but litigated. Nothing in Section 2672 even remotely suggests that it qualifies Section 2106. Finally, 31 U.S.C. § 724a, which deals with appropriations for the payment of judgments and compromises, does no more than fix the time when interest begins to accrue. None of these provisions, separately or collectively, prohibit the relief requested by Barnes.

The motion for partial summary affirmance will be granted, and an order entered directing (1) that the district court enter a final judgment in Barnes' favor for $911,396.67, and (2) that the appeal with respect to the disputed $665,716.00 be referred to a panel of this court in due course.