**Mabel A. KING, Plaintiff,**

v.

**James F. PALMER, et al., Defendants.**

Civ. A. No. 83–1980.

United States District Court,
District of Columbia.

June 11, 1986.

Robert M. Adler, Washington, D.C., for plaintiff.

John H. Suda, Acting Corp. Counsel, D.C., Martin L. Grossman, Deputy Corp. Counsel, D.C., Civil Div. Metcalfe C. King, Asst. Corp. Counsel, D.C., Dept. of Corrections, Correctional Litigation Section Washington, D.C., for defendants.

## MEMORANDUM

OBERDORFER, District Judge.

Plaintiff, a nurse previously working at the District of Columbia Jail, in this Title VII action sues various officials of the District of Columbia Department of Corrections. She seeks injunctive relief and damages on the theory that she was denied a promotion which was given instead to another nurse who was sexually involved with the doctor who promoted her. By Memorandum of September 10, 1984, the District Court (Gesell, J.), entered judgment for defendants. *See King v. Palmer*, 598 F.Supp. 65 (D.D.C.1984). The matter now is before this Court on remand from the Court of Appeals. *See King v. Palmer*, 778 F.2d 878 (D.C.Cir.1985). The Court of Appeals stated:

> we reverse the District Court's holding regarding the promotion and remand the matter to the District Court to enter judgment for Ms. King and to determine an appropriate remedy.

778 F.2d at 882. The Court of Appeals also stated that

> Ms. King also alleged in her complaint and maintained during her trial that she was the victim of a discriminatory work environment and of reprisals for having filed a complaint with the EEOC. The District Court has yet to enter findings of fact or conclusions of law on these allegations. We therefore remand these matters to the District Court for further consideration and entry of appropriate findings, conclusions and judgment.

*Id.* at 883. With regard to remedy the Court stated:

> At a minimum, it appears that the appropriate remedy in this case should include the promotion of Ms. King to the position in question, her receipt of backpay, and a full consideration of any further relief.

*Id.* at 882 n. 7.

Presently before the Court are plaintiff's motion for entry of judgment and for other relief, and her application for an interim award of attorneys' fees. A hearing was conducted on these motions on June 6, 1986.

### I.

Plaintiff contends that, in light of the Court of Appeals mandate, "this Court should grant Mrs. King a retroactive promotion to the position of Supervisory Forensic/Clinical Nurse, DS–12, effective September 20, 1981, the date the promotion was granted to Nurse Grant." Memorandum of Points and Authorities in Support of Motion for Entry of Judgment and for Other Relief ("Plaintiff's Memorandum") at 2 (filed April 4, 1986). Plaintiff also contends that she is entitled to backpay reflecting the promotion that should have been granted, together with prejudgment interest thereon.

Plaintiff's contentions are well taken. Although defendants now suggest that a new trial is necessary in order to resolve

whether plaintiff (rather than some other applicant) would have in fact received the promotion in the absence of the unlawful, discriminatory conduct, *see Days v. Mathews*, 530 F.2d 1083, 1085 (D.C.Cir.1976), defendants do not materially dispute that they did *not* press a *Mathews* defense at the original trial of this action. Indeed, it is not materially disputed that defendants *first* attempted to press the *Mathews* defense in their petition for rehearing *en banc* after the Court of Appeals decision of December 13, 1985. *See* Petition of Appellees for Rehearing [or], in the Alternative, for Rehearing En Banc at 4–5 (filed January 15, 1986, in Court of Appeals No. 84–5750). Even with the benefit of defendants' *Mathews* argument, the Court of Appeals denied the petition for rehearing, stating in a *per curiam* order of February 18, 1986, that:

> The suggestion for rehearing *en banc* of appellees has been circulated to the full Court and no member has requested the taking of a vote thereon.

*See* 778 F.2d at 883. In light of the foregoing, the remand requires entry of judgment for plaintiff and the fashioning of a remedy that "at a minimum [, it appears,] ... should include the promotion of Ms. King to the position in question, her receipt of backpay, and a full consideration of any further relief." 778 F.2d at 882 n. 7.

■ As discussed at the June 6 hearing, however, it appears that the position plaintiff originally sought no longer exists. Accordingly, the accompanying order will enter judgment for plaintiff and require plaintiff to submit an appropriate proposed order which will require the promotion of plaintiff to a DS–12 position and the award of backpay.

■ Plaintiff also claims, and is entitled to, prejudgment interest on her backpay award; defendants have not contested a prejudgment interest award should plaintiff receive retroactive promotion and backpay. *See* Defendants' Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for Entry of Judgment and for Other Relief at 6 (filed April 18, 1986). In any event, 42 U.S.C. § 2000e–5(g) authorizes a court to grant a prevailing plaintiff in a private Title VII case such "other equitable relief as the court deems appropriate," and prejudgment interest is necessary to make plaintiff whole. *See Laffey v. Northwest Airlines, Inc.*, 740 F.2d 1071, 1102 (D.C.Cir.1984), *cert. denied*, 469 U.S. 1181, 105 S.Ct. 939, 83 L.Ed.2d 951 (1985); *Higgins v. State of Oklahoma*, 642 F.2d 1199, 1203 (10th Cir. 1981); *Acosta v. University of District of Columbia*, 528 F.Supp. 1215, 1224 (D.D.C. 1981); *compare Blake v. Califano*, 626 F.2d 891, 895 (D.C.Cir.1980) ("[A]n award of prejudgment interest would be consistent with the remedial purposes of Title VII," but prejudgment interest may not be awarded against a *federal* employer); *compare also Schneider v. Lockheed Aircraft Corporation*, 658 F.2d 835, 856–57 (D.C. Cir.1981), *cert. denied*, 455 U.S. 994, 102 S.Ct. 1622, 71 L.Ed.2d 855 (1982) (District of Columbia law as codified at D.C.Code § 15–109 does not provide for award of prejudgment interest in tort actions). The denial of plaintiff's use of her money makes such an award appropriate in the circumstances here. Although such interest is authorized by Title VII, the rate of interest on a Title VII judgment against the District of Columbia or its officials is fixed at 4 percent by D.C. Code § 28–3302. *See Turgeon v. Howard University*, 571 F.Supp. 679, 688 (D.D.C.1983).

Following colloquy with counsel, however, plaintiff's request for further injunctive relief will be denied. The injunctive relief requested would be overly intrusive and largely duplicative of that accomplished by order entered in *Bundy v. Jackson*, No. 78–1359 (D.D.C. March 23, 1981) (Hart, J.) (pursuant to an order of the Court of Appeals, *see Bundy v. Jackson*, 641 F.2d 934 (D.C.Cir.1981)).

## II.

Plaintiff has also applied for an interim award of attorneys' fees and expenses for the period up to February 28, 1986. The amounts plaintiff seeks are:

$210,610.00 ("lodestar")
$ 65,103.00 (35% upward adjustment for risk)
$ 27,901.00 (15% separate enhancement for
       "exceptional success and
       performance")
$ 11,489.00 (costs)
$314,653.00 (Total)

Plaintiff notes that the Court of Appeals in its remand order directed that the Court enter judgment for plaintiff; she also contends, and defendants do not contest, that an interim award of fees may be appropriate while a case is on remand. *See Carpenter v. Stephen F. Austin State University*, 706 F.2d 608, 633 (5th Cir.1983).

Plaintiff has documented the hours spent and the amounts claimed. She attempts to justify the substantial amount of the requested award on the ground, among others, that this litigation was "hard fought," *see Copeland v. Marshall*, 641 F.2d 880, 904 (D.C.Cir.1980) (*en banc*). Plaintiff also seeks to justify 35% and 15% enhancement multipliers on the ground that this litigation was especially risky and demanding of plaintiff's counsel and involved novel legal issues. Plaintiff also justifies the use of current billing rates by virtue of the fact that payment of the requested fees comes long after counsel's services were rendered.

In response, defendants argue generally that the hours and amounts claimed by plaintiff are excessive. Defendants contend that plaintiff has not established that she meets the standards for an interim fee award, and that plaintiff's application is flawed for (1) its failure to differentiate hours that were spent on issues that remain to be resolved by the Court; (2) her inclusion of certain hours and expenses necessitated by the preparation of claims that never went to trial; (3) reliance upon rates that exceed those to which counsel agreed with his client; (4) inclusion of enhancement multipliers that are unjustified because defense counsel conceded the validity of the cause of action (rendering the dispute factual, rather than complexly legal) and because the rates claimed in the application already include a risk compensation factor.

It is neither necessary nor appropriate to delve into the details of the fee controversy at this juncture. The interim award will be limited to the core of attorneys' fees and costs that are not seriously contested. *Cf. Parker v. Lewis*, 670 F.2d 249 (D.C.Cir.1982). With respect to the remainder of the request, defendants have taken vigorous exception to large segments of plaintiff's fees and cost claim. The services of a magistrate or special master may be required in order to sort out details. Defendants estimate plaintiff's backpay claim to be worth only $26,450. Even allowing prejudgment interest on the backpay award, the $314,000 claim for attorneys' fees and costs would be approximately ten times the amount realized by the single client, and there is no injunctive relief beyond the promotion and backpay. Plaintiff's effort has, however, established (at least for this Circuit) a new concept of employment discrimination which can be of benefit to others similarly situated. The forthcoming decision of the Supreme Court in *City of Riverside v. Rivera, (cert. granted, — U.S. —, 106 S.Ct. 244, 88 L.Ed.2d 253, October 21, 1985)* may illuminate this Court's responsibility in the ultimate award of fees where there is such a gross discrepancy between the cost of legal services and the amount realized, but a new legal principle of potential value to others has been established.

Defendants have itemized the elements of the fee and cost reimbursement which may likely be awarded, irrespective of the final outcome of the fee litigation. *See* Exhibit 1 to Defendants' Memorandum of Points and Authorities in Opposition to Plaintiff's Application for an Interim Award of Attorneys' Fees and Costs Incurred Through February 28, 1986. Defendants contend that these amounts should be further reduced in recognition of the fact that plaintiff has not yet prevailed on some issues. *See Copeland v. Marshall, supra,* 641 F.2d at 891–92. Such adjustments may be appropriate in the final accounting, but is not necessary at this stage, when an interim award substantially

smaller than that requested by plaintiff is made pending resolution of plaintiff's remaining claims.

Accordingly, the accompanying order will, pursuant to Fed.R.Civ.P. 54(b), grant judgment to plaintiff on her claim for promotion, backpay, and an award of interim fees and costs because there is no just reason for delay.