

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-2-2004

# USA v. Hart

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4260

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Hart" (2004). *2004 Decisions.* Paper 151.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/151

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

NO. 03-4260
_____

UNITED STATES OF AMERICA

v.

EDWARD A. HART,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 02-cr-00823)
District Judge: Honorable John R. Padova

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 26, 2004

BEFORE: NYGAARD, AMBRO, and VAN ANTWERPEN, Circuit Judges

(Filed: November 2, 2004)

_____

OPINION
_____

VAN ANTWERPEN, Circuit Judge

Edward Anthony Hart, the appellant, was convicted on June 5, 2003 of bank

robbery, armed bank robbery, use and carrying of a firearm during a crime of violence,

and related charges. His conviction stemmed from two bank robberies committed in Philadelphia in early 1987. Although an arrest warrant was issued for Hart in 1988 in connection with those robberies, he could not be located until 2002. Seizing upon the long duration between the crime and the prosecution, Hart moved to dismiss the indictment for violation of the statute of limitations. The District Court denied the motion and Hart was convicted of all charges in a jury trial. He now appeals the District Court's denial of his motion to dismiss and further contends that the evidence presented at his trial was insufficient to warrant a finding of guilt beyond a reasonable doubt. We disagree with both points and affirm Hart's conviction.

## I. FACTUAL AND PROCEDURAL HISTORY

Because we write solely for the parties, we recount only the relevant facts. On January 22, 1987, two masked, armed men robbed a PSFS Bank in Philadelphia ("the PSFS robbery"), making off with approximately $3,490. Less than three weeks later, on February 9, 1987, two men robbed a First Pennsylvania Bank in Philadelphia ("the First Pennsylvania robbery") of approximately $14,900. Both banks were federally insured and the FBI began an investigation of the two robberies.

On March 27, 1987, Robert Daniel Jones was arrested as he was fleeing yet another bank robbery, and on January 6, 1988, he began cooperating with the FBI. Jones soon admitted to his involvement in the PSFS and First Pennsylvania robberies and identified himself in bank surveillance photographs taken at the scene of each robbery.

2

Jones also identified the other unmasked man pictured in the photographs as Harold Anderson and implicated him in the robberies.

On July 20, 1988, FBI Special Agent Robert Jones (unrelated to Robert Daniel Jones and hereinafter "Agent Jones") interviewed Alberta Hart and presented her with surveillance photos from the robberies. According to Agent Jones, Mrs. Hart noted that one of the men in the photo from the PSFS robbery "appeared to be" her son, Edward Anthony Hart. She could not be certain of the identity of the man in the photo from the First Pennsylvania Bank robbery. Agent Jones testified that Mrs. Hart then supplied him with two pictures of her son from a photo album ("the family photos"). On July 26, 1988, Robert Daniel Jones identified the man in the family photos as the man he knew as Harold Anderson and as the same individual that participated with him in the two bank robberies.

On July 28, 1988, a warrant was issued for the arrest of Hart, however he could not be found. Agent Jones testified that he spoke with Alberta Hart after the warrant was issued, and advised her to inform her son of the warrant and encourage him to surrender. Agent Jones further testified that Mrs. Hart later told him on at least two separate occasions that she had spoken with Hart and encouraged him to surrender, but Hart gave her the impression that he would not. As it turns out, Hart was in England during this time, having moved there sometime in the late 1980's. He stayed overseas for more than a decade. Hart was finally arrested in Florida on November 19, 2002 upon his return to the

3

United States. On December 19, 2002, a grand jury in the Eastern District of

Pennsylvania indicted Hart, charging him with armed bank robbery, in violation of 18

U.S.C. §§ 2113(d) and 2; bank robbery, in violation of 18 U.S.C. §§ 2113(a) and 2; and

use and carrying of a firearm during a crime of violence, in violation of 18 U.S.C. §§

924(c) and 2.

Hart was brought to trial in the District Court for the Eastern District of

Pennsylvania, which had jurisdiction pursuant to 18 U.S.C. § 3231. Hart moved to

dismiss the indictment for violation of the statute of limitations, but on May 28, 2003, the

District Court denied the motion. On June 5, 2003, a jury found Hart guilty of all

charges. On October 23, 2003 he was sentenced to 214 months imprisonment, restitution

of $18,390, and a special assessment of $200.

Hart now appeals the District Court's denial of his motion to dismiss on the ground

that the government failed to provide sufficient evidence that he was a fugitive of justice.

Hart also appeals his conviction on the ground that the evidence at trial was insufficient to

find him guilty beyond a reasonable doubt. This Court has jurisdiction over the appeal

pursuant to 28 U.S.C. § 1291. For the reasons set forth below we reject Hart's challenges

and affirm his conviction.

## II. STANDARD OF REVIEW

This Court exercises plenary review over the District Court's interpretation and

application of the statute of limitations. U.S. v. Midgley, 142 F.3d 174, 176 (3d Cir.

4

1998). We review the jury verdict in the light most favorable to the government to determine if there was substantial evidence on the record to find the Hart guilty beyond a reasonable doubt. U.S. v. Casper, 956 F.2d 416, 421 (3d Cir. 1992).

## III. DISCUSSION

A.  The District Court properly denied Hart's motion to dismiss for violation of the statute of limitations.

Hart was indicted on December 19, 2002, on non-capital charges dating back to two robberies that occurred in 1987. Federal law provides that,"[e]xcept as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed." 18 U.S.C. § 3282(a). A fugitive, however, may not employ this statute of limitations to evade justice. "No statute of limitations shall extend to any person fleeing from justice." 18 U.S.C. § 3290.

The Supreme Court explained:

In order to constitute a fleeing from justice, it is not necessary that the course of justice should have been put in operation by the presentment of an indictment by a grand jury, or by the filing of an information by the attorney for the government, or by the making of a complaint before a magistrate. It is sufficient that there is a flight with the intention of avoiding being prosecuted, whether a prosecution has or has not been actually begun.

Streep v. U.S., 160 U.S. 128, 133 (1895). Based on Streep, several courts, including ones in the Third Circuit, have interpreted the tolling statute as requiring the government to demonstrate, by a preponderance of the evidence, that the accused concealed himself with

the intent of avoiding arrest or prosecution. U.S. v. Gamboa, Crim.A.No. 85-00343, 1992 WL 50108, *2 (E.D. Pa. Mar. 9 1992). See also U.S. v. Marshall, 856 F.2d 896, 900 (7th Cir. 1988); U.S. v. Gonsalves, 675 F.2d 1050, 1052 (9th Cir. 1982), cert. denied, 459 U.S. 837 (1982). Hart does not dispute that he was outside the jurisdiction from the late 1980's until his arrest. His sole argument is that the evidence presented at his motion hearing was not sufficient to establish his knowledge of the crimes charged and therefore his intent to avoid arrest or prosecution.

The question of intent is one of fact, and the District Court's determination must be upheld unless clearly erroneous. Marshall, 856 F.2d at 900-01. The District Court found that Hart either fled the jurisdiction prior to June 21, 1989 to avoid arrest or prosecution or, having already fled, learned of the arrest warrant prior to June 21, 1989 and decided not to return. Either theory is sufficient to support a finding of intent to avoid arrest or prosecution. See Marshall, 856 F.2d at 900 ("[I]ntent may be inferred where the defendant fails to surrender to authorities after learning of the charges against him.").

There is ample evidence to support the District Court's finding. Despite Mrs. Hart's testimony to the contrary, Agent Jones testified that he informed Mrs. Hart in the latter half of 1988 of the arrest warrant issued for her son. He also testified that Mrs. Hart told him that she was in communication with her son and on two separate occasions she tried to convince him to surrender. On June 21, 1989, Hart responded to his mother's

6

pleas by telling her he was leaving town, giving her "the impression" that he would not surrender. On October 24, 1990, he again refused to surrender. The District Court credited Agent Jones' testimony, which was supported by contemporaneous interview reports. In comparison, Mrs. Hart could not remember key parts of her conversations with Agent Jones and the Court specifically found her contradictory testimony to be not credible.

In U.S. v. Marshall, 856 F.2d at 900-02, the Seventh Circuit affirmed the District Court's finding that the appellant was a "fugitive from justice" within the meaning of 18 U.S.C. § 3290 under strikingly similar circumstances. In Marshall, an FBI agent testified that Marshall's sister told the agent that she had informed him that he was wanted by the FBI. Id. at 900. The agent also testified that Marshall's estranged wife told the agent that she had informed Marshall of the outstanding warrant. Id. At trial, Marshall's sister testified that she only told Marshall that he was wanted for questioning and his estranged wife denied ever having informed Marshall of the arrest warrant. Id. The District Court credited the testimony of the FBI agent and specifically found that Marshall's estranged wife was not credible. Id. at 901. The Seventh Circuit affirmed the District Court's denial of the motion to dismiss. Id. at 902.

In the case before us, the District Court credited the testimony of Agent Jones and found Mrs. Hart to be not credible. Specifically, the District Court found that Mrs. Hart "testified several times that she was unable to recall portions of these interviews because

of the length of time which had elapsed between the interviews and her testimony on May 12, 2003." (Memorandum accompanying Order Denying Defendant's Motion to Dismiss the Indictment at 10). We see no reason to quarrel with the District Court's findings. Accepting Agent Jones' testimony, the statute of limitations was tolled from the time of Hart's flight or decision not to return on June 21, 1989, when Hart told Mrs. Hart he was leaving town, until his return to the United States on November 19, 2002. The remaining period of time between the PSFS robbery in January 1987 and Hart's indictment on December 19, 2002 amounts to less than five years and falls well within the statute of limitations. Therefore we affirm the District Court's denial of the motion to dismiss.

B.     The evidence at trial was sufficient as a matter of law to support a finding of guilt beyond a reasonable doubt.

Hart challenges the sufficiency of the evidence on which his conviction was based. Specifically, he argues that there was no identification of him on the record that could establish guilt beyond a reasonable doubt.

This Court reviews the jury verdict in the light most favorable to the government to determine if there was substantial evidence on the record to find Hart guilty beyond a reasonable doubt. U.S. v. Casper, 956 F.2d 416, 421 (3d Cir. 1992). "A defendant challenging the sufficiency of the evidence bears a heavy burden." Id. Hart failed to meet that burden.

Hart focuses his challenge on the testimony of Robert Daniel Jones and Alberta Hart and their disputed identification of Hart in two sets of photographs, one set from

8

surveillance cameras at the banks ("the surveillance photos") and one set from Mrs. Hart's collection ("the family photos").

Agent Jones testified that Robert Daniel Jones admitted to being involved in the bank robberies and told investigators that his co-conspirator, who was pictured with him in the surveillance photographs, was a man he knew as Harold Anderson. When Agent Jones showed the surveillance photos to Mrs. Hart, she noted that the man in the photograph from the PSFS robbery "appeared to be her son." She could not be sure of the identify of the man in the photograph from the First Pennsylvania robbery, but she provided Jones with her own photographs of her son. Agent Jones then showed them to Robert Daniel Jones, who identified the man in the family photos as his criminal partner, Harold Anderson. Agent Jones then instructed Robert Daniel Jones to sign the back of the photos, which he did. At trial, both witnesses disputed Agent Jones' testimony and Robert Daniel Jones failed to identify Hart in the courtroom as the man who assisted him in the robberies.

The parties do not contest the admissibility of Agent Jones' testimony that Robert Daniel Jones and Mrs. Hart identified Hart in the two sets of photographs. Nor do we. "Statements of prior identification are admitted as substantive evidence because of 'the generally unsatisfactory and inconclusive nature of courtroom identifications as compared with those made at an earlier time under less suggestive conditions.'" U.S. v. Brink, 39 F.3d 419, 425 (3d Cir. 1994) (quoting Fed. R. Evid. 801, Notes of Advisory Committee

on 1972 Proposed Rules). Taking the facts in the light most favorable to the government, we find that the jury could have found that Robert Daniel Jones identified the man in the family pictures as the same man who committed the two robberies with him. Mrs. Hart identified this same man as her son, Hart, and she also identified the man in the PSFS photograph as someone who appeared to be her son.

Although compelling, this was not the only evidence presented. The government also offered evidence that Hart was aware of the warrant for his arrest and fled the country. "Evidence of a defendant's flight after a crime has been committed is admissible to prove his consciousness of guilt." U.S. v. Pungitore, 910 F.2d 1084, 1151 (3d Cir. 1990), cert denied, 500 U.S. 915 (1991). It is likely that this also factored into the jury's deliberations.

Most importantly, the jury members were able to view the surveillance photos and video to determine for themselves whether Hart appeared to be the perpetrator. One jury member asked to view a portion of the PSFS video in order to "to compare [her] memory of defendant to that video frame to establish identification." (Trial Tr. of June 5, 2003 at 4). Hart's suggestion that this kind of jury comparison is impermissible is without merit. It is undisputed that a jury may make its own comparisons of surveillance photos or videos and compare them with the defendant. U.S. v. Hardy, 451 F.2d 905, 906-07 (1971) (upholding the District Court's decision to allow the jury to view photographs of the perpetrators of a robbery and compare them with the defendants before the jury

retired).  Such a jury evaluation surely supports a finding of guilt beyond a reasonable doubt.  See U.S. v. Murray, 523 F.2d 489, 492 (8th Cir. 1975) ("Whether there was sufficient evidence turned largely on the question as to whether [appellant] was one of the men who was photographed participating in the robbery.").

We find the combination of evidence, including the testimony of Agent Jones, the evidence of consciousness of guilt and, perhaps most importantly, the photographs and video taken from the scene and entered into evidence are sufficient to find guilt beyond reasonable doubt.

For the reasons set forth above, we affirm Hart's conviction.