CLD-152                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1545
_____

AKU YAZID ABDALLAH,
f/k/a Edward Anthony Hart,
                                                    Appellant

v.

WILLIAM SCISM
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 10-0054)
District Judge:  Honorable Malcolm Muir
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 31, 2011

Before:  RENDELL, FUENTES and SMITH, Circuit Judges

(Opinion filed:  April 20, 2011)
_____

OPINION
_____

PER CURIAM

        Aku Yazid Abdallah, an inmate at the Allenwood Low Security Correctional

Institution, appeals the District Court's order dismissing his petition for a writ of habeas

corpus under 28 U.S.C. § 2241.  We have jurisdiction over this appeal pursuant to 28

U.S.C. § 1291, and we exercise plenary review over the district court's legal conclusions and apply a clearly erroneous standard to its factual findings. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002). For the reasons discussed below, we will summarily affirm the District Court's order.

In June 2003, Abdallah was convicted of committing two armed robberies in violation of 18 U.S.C. § 2113, and was sentenced to 214 months' imprisonment. He appealed his conviction, claiming, among other things, that the indictment should have been dismissed as barred by the statute of limitations. We rejected that argument and affirmed the District Court's judgment. See United States v. Hart, 112 F. App'x 855 (3d Cir. 2004) (Abdallah was previously known as Edward Hart).

In 2006, Abdallah filed a motion under 28 U.S.C. § 2255. In this motion, he raised 18 claims; "[f]our of these claims pertain to Defendant's contention that his conviction should be vacated because he was indicted more than ten years after the statute of limitations ran on the charges against him." United States v. Hart, Civ. A. No. 06-4463, 2008 U.S. Dist. LEXIS 34972, at *3 (E.D. Pa. Apr. 29, 2008). The District Court denied the motion, and Abdallah did not appeal.

Abdallah then filed the petition under 28 U.S.C. § 2241 that is at issue here. Once again, he has argued that the "prosecution was initiated against the Petitioner over ten years beyond the expiration of the five year" statute of limitations. The District Court concluded that it lacked jurisdiction to review Abdallah's petition, and thus dismissed it without prejudice to Abdallah's right to seek permission from this Court to file a successive motion under § 2255. Abdallah then filed a timely notice of appeal.

2

We agree with the District Court's analysis. As we have recognized, "under the explicit terms of 28 U.S.C. § 2255, unless a § 2255 motion would be 'inadequate or ineffective,' a habeas corpus petition under § 2241 cannot be entertained by the court." Cradle, 290 F.3d at 538 (quoting § 2255(e)); see also Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971) ("This Court has time and again ruled that in a situation such as here presented habeas corpus relief is unavailable for lack of jurisdiction.").

Abdallah argues that it is appropriate for him to proceed under § 2241 because he is challenging the execution of his sentence. Section 2241 does "confer[] habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). However, Abdallah's substantive argument is that he was prosecuted after the expiration of the applicable statute of limitations. Thus, notwithstanding the way he now attempts to frame his claim, he is in fact alleging that his conviction and sentence are unlawful. Cf. Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001) (stating that prisoners must proceed under § 2255 to challenge "any error that occurred at or prior to sentencing" (internal quotation marks omitted)). We will not permit Abdallah to circumvent the requirements of § 2255 through artful labeling.

Even where prisoners seek to challenge their conviction and sentence (like Abdallah does here), they may proceed under § 2241 where "the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of [the] detention." § 2255(e). In In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997), we explained that § 2255 may be inadequate or ineffective where an intervening change in law has potentially made the

3

conduct for which the petitioner was convicted non-criminal. However, the exception is narrow: a motion under § 2255 is not inadequate or ineffective simply because the district court has refused to grant relief or the petitioner is prevented by § 2255(h)'s gatekeeping requirements from litigating his current claims. See Cradle, 290 F.3d at 538 ("It is the inefficacy of the remedy, not the personal inability to use it, that is determinative.").

The exception is not applicable here. Abdallah previously filed a § 2255 motion in which he raised the identical claim that he seeks to assert in this action. The fact that the District Court denied his first motion, and that he must receive certification from this Court before filing a successive motion, see § 2255(h), does not render § 2255 inadequate or ineffective. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). Moreover, Abdallah's petition does not fall within In re Dorsainvil's purview. He does not rely on some intervening change of law; instead, he continues to assert a (flawed) defense that has existed since the day he was indicted. See id. He has therefore failed to show that § 2255 is inadequate or ineffective.[1]

_____

[1]    Abdallah has filed a document that he called a "Nunc Pro Tunc To Notice of Appeal." It is not clear what decision he would like this Court to render nunc pro tunc. In this filing he also invokes 28 U.S.C. § 2106. That statute, which empowers us to choose from a broad range of remedies, see Barnes v. United States, 678 F.2d 10, 11 (3d Cir. 1982), does not affect our analysis here, cf. Unitherm Food Sys. v. Swift-Eckrich, Inc., 546 U.S. 394, 402 n.4 (2006) (holding that the authority granted by § 2106 "must be exercised consistent with the requirements of the Federal Rules of Civil Procedure as interpreted by this Court"). Finally, after the Clerk listed this case for possible summary affirmance, Abdallah filed a response in which he complained that he had not received notice of the reason that his case had been so listed. Contrary to his argument, the letter that the Clerk sent to him explains in detail the summary-affirmance procedure. Moreover, since we are affirming the District Court's order based on the same rationale

4

Accordingly, the District Court properly dismissed Abdallah's § 2241 petition, and we will summarily affirm its order. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

---

that the Court set forth in its order, Abdallah has been fully apprised of the substantive failings of his case.