804 F.2d 1097
 47 Fair Empl.Prac.Cas. 355,
41 Empl. Prac. Dec. P 36,645
Nancy FADHL, Plaintiff-Appellee,
v.
CITY AND COUNTY OF SAN FRANCISCO, Defendant-Appellant.
Nancy FADHL, Plaintiff-Appellee,
v.
POLICE DEPARTMENT OF the CITY AND COUNTY OF SAN FRANCISCO,
Defendant-Appellant.
 Nos. 85-2361, 85-2541.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted July 17, 1986.
Decided Nov. 20, 1986.
 
 Laura Stevens, Willdorf & Stevens, San Francisco, Cal., Guy T. Saperstein, Farnsworth, Saperstein & Seligman, Oakland, Cal., for plaintiff-appellee.
 Victoria Hobel, Philip S. Ward, City Attys. Office, San Francisco, Cal., for defendant-appellant.
 Appeal from the United States District Court for the Northern District of California.
 Before BROWNING, Chief Judge, FLETCHER and NELSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 The City and County of San Francisco appeals from two judgments for damages and attorneys' fees entered by the district court on the remand ordered by this court in Fadhl v. City and County of San Francisco, 741 F.2d 1163, 1167 (9th Cir.1984) (Fadhl I ). We affirm the award of damages. We also affirm the base attorneys' fee award, reserving jurisdiction over the question of the multiplier pending the Supreme Court's resolution of that issue in Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, --- U.S. ----, 106 S.Ct. 3088, 92 L.Ed.2d 439, ordered reargued, --- U.S. ----, 106 S.Ct. 3331, 92 L.Ed.2d 737 (1986).
 
 
 2
 * In our first review of this case, we remanded to afford the district court an opportunity to revise or reinstate its holding of discrimination in light of our determination that a finding that Fadhl had not attended her termination hearing was erroneous, but found the evidence without the erroneous finding could support a conclusion of discrimination. Fadhl I, 741 F.2d at 1166. On remand the district court deleted the questioned finding but reinstated its finding of discrimination. The City does not argue the finding of discrimination was dependent upon the erroneous finding as to Fadhl's presence at the termination hearing, but instead repeats its general attack upon the sufficiency of the evidence of discrimination. This issue is no longer open. Our ruling on the first appeal that the evidence was sufficient to support the finding of discrimination is the law of this case.
 
 
 3
 We also remanded for further specific findings as to whether, but for the discrimination, the City would have approved Fadhl's permanent employment. Fadhl I, 741 F.2d at 1166-67. On remand the district court held the City had not shown by clear and convincing evidence that it would have terminated Fadhl absent the proven intentional discrimination, or that her performance record would have disqualified her for the position she sought had she not been subjected to more stringent standards because of her sex.
 
 
 4
 The City argues that the court's conclusion is clearly erroneous in light of the court's specific finding that Fadhl had committed various errors during field training. But the mere existence of performance deficiencies is not determinative. No trainee performed perfectly. The district court found that in evaluating Fadhl's performance Fadhl's supervisor held Fadhl to a more stringent standard, grading her more harshly than her male counterparts because she was a woman, and that the City's proffered reason for terminating Fadhl (her inability to perform consistently at acceptable levels in critical areas) was pretextual. Fadhl offered evidence, and the district court found, that male trainees whose performance was the same or worse than Fadhl's received more favorable assessments than she received. The City offered no evidence that any male trainee with a performance record as good as Fadhl's had been discharged.
 
 II
 
 5
 The City does not challenge the base award of attorneys' fees (the "lodestar" fee), but argues the district court abused its discretion by enhancing by a multiplier of 2.0 the portion of the lodestar fee awarded for work performed prior to the district court's order of May 12, 1983, from which the original appeal was taken.
 
 
 6
 We affirm the portion of the judgment representing the base award of attorneys' fees. There is no reason to delay receipt of these undisputed fees. As the D.C. Circuit has stated, "delays [in payment of fees] have the potential to dampen substantially attorneys' enthusiasm to undertake discrimination cases. The court should not allow delay in cases such as this one to undermine the efficacy of Title VII policy." Parker v. Lewis, 670 F.2d 249, 250 (D.C.Cir.1982) (per curiam). See also Barnes v. United States, 678 F.2d 10, 12 (3rd Cir.1982).
 
 
 7
 We retain jurisdiction over the portion of the judgment representing the application of a multiplier pending the decision in Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, --- U.S. ----, 106 S.Ct. 3088, 92 L.Ed.2d 439, ordered reargued, --- U.S. ----, 106 S.Ct. 3331, 92 L.Ed.2d 737 (1986).
 
 
 8
 Accordingly, the judgment in No. 85-2541 is affirmed; the portion of the judgment in No. 85-2361 representing the base award of attorneys' fees is affirmed; and jurisdiction over the remainder of the judgment is retained.