**Nancy FADHL, Plaintiff–Appellee,**

v.

**CITY AND COUNTY OF SAN FRANCISCO, Defendant–Appellant.**

**No. 85–2361.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 17, 1986.

Decided Nov. 20, 1986 (except for attorneys' fee issue).

Memorandum July 26, 1988.

Opinion Oct. 4, 1988.

**650**

Philip S. Ward, Deputy City Atty., San Francisco, Cal., for defendant-appellant.

Laura Stevens of Willdorf & Stevens, San Francisco, Cal., and Guy T. Saperstein, Oakland, Cal., for plaintiff-appellee.

Before BROWNING, FLETCHER and NELSON, Circuit Judges.

## ORDER

The memorandum disposition filed July 26, 1988, is redesignated as a per curiam opinion.

## OPINION

### PER CURIAM:

This court affirmed the district court's judgment against the City and County of San Francisco for damages and affirmed the base award of attorney's fees computed at an ordinary hourly rate for hours expended without any enhancement. *Fadhl v. City and County of San Francisco*, 804 F.2d 1097 (9th Cir.1986). Pending the Supreme Court's decision in *Pennsylvania v. Delaware Valley Citizens' Council for*

Clean Air (Delaware Valley II), — U.S. ——, 107 S.Ct. 3078, 97 L.Ed.2d 585 (1987), we retained jurisdiction over the question of whether the district court properly applied a multiplier to the lodestar fee. *Fadhl*, 804 F.2d at 1099. We now affirm.

In *Delaware Valley II*, a majority of the Court held that enhancing a fee award for contingency is permissible if two prerequisites identified in Justice O'Connor's concurrence are met.[1] First, the fee applicant must establish that "without an adjustment for risk the prevailing party 'would have faced substantial difficulties in finding counsel in the local or other relevant market.'" *Id.* 107 S.Ct. at 3091 (O'Connor, J., concurring). Second, any enhancement for contingency must reflect "the difference in market treatment of contingent fee cases *as a class*, rather than ... the 'riskiness' of any particular case." *Id.* at 3089 (emphasis in original). The fee applicant bears the burden of proving the degree to which the relevant market compensates for contingency. *Id.* at 3090.

The district court found that contingent fees that yield approximately two times the ordinary hourly rate for time expended is the return expected by lawyers in the relevant market (Title VII cases in San Francisco), and that Fadhl would have faced severe difficulties in obtaining an attorney without a contingency fee agreement that held out the possibility of substantial enhancement over the ordinary hourly rate.

The court chose a multiplier of 2.0 primarily to reflect the difference in market treatment accorded to contingency cases in San Francisco, as evidenced by the testimony Fadhl produced and by Ninth Circuit precedent. "For example, [San Francisco attorney] Steven Mayer testifies that because of the substantial risk of contingent fee litigation, his law firm will generally

---

1. Justice O'Connor's concurring opinion constitutes the Court's holding in the case. *Save our Cumberland Mountains, Inc. v. Hodel*, 826 F.2d 43, 53 n. 6 (D.C.Cir.1987): *Blum v. Witco Chemical Corp.*, 829 F.2d 367, 379 & n. 11 (3rd Cir. 1987); *Spell v. McDaniel*, 824 F.2d 1380, 1404 & n. 23 (4th Cir.1987); *Crumbaker v. Merit Systems Protection Board*, 827 F.2d 761, 761 (Fed. Cir.1987).

 *Delaware Valley II* applied the Clean Air Act's attorney's fees provision, 42 U.S.C. § 7604(d).

The Court held that this statute should be applied in accordance with the principles and case law governing fee awards under 42 U.S.C. § 1988. *Delaware Valley II*, 107 S.Ct. at 3080 n. 1. Awards of attorney fees under 42 U.S.C. § 2000e–5(k) are governed by the same principles. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 n. 7, 103 S.Ct. 1933, 1939 n. 7, 76 L.Ed.2d 40 (1983); S.Rep. No. 1011, 94th Cong., 2d Sess. 4, *reprinted in* 1976 U.S.Code Cong. & Admin. News 5908, 5912.

not accept a contingent fee case unless the anticipated fee, if successful, will be equal to twice the value of the firm's services billed at a normal rate." 38 EPD ¶ 35,677 at 40,029. The court also cited this court's acknowledgment that Title VII cases are especially unappealing to the private bar, *id.* at 40,030 n. 3, and regarded Fadhl's own difficulty in retaining counsel as "indicative" of the economic unattractiveness of litigating such cases in San Francisco. *Id.* at 40,030. The City presented no evidence challenging either the finding that added compensation is necessary to attract competent counsel, or the 2.0 figure.

The court further found that the fact that Fadhl approached 35 lawyers before she found one who would represent her was strong support for the proposition that in the absence of risk enhancement, she would have faced substantial difficulties in retaining an attorney. This holding was further reinforced by testimony from the Executive Director of the San Francisco Lawyers' Committee for Urban Affairs, as well as from Fadhl's own attorney, that the possibility of enhancement was critical in persuading competent counsel to accept civil rights cases.

▮ In addition to these permissible bases for fee enhancement, the district court considered factors the Supreme Court has found inappropriate.[2]

To the extent that the district court considered inappropriate factors in calculating the multiplier, its reliance was improper. Nevertheless, we may still affirm its choice of multiplier on any permissible ground supported by the record. *Smith v. Block,* 784 F.2d 993, 996 n. 4 (9th Cir.1986). In this case strong evidence on the permissible factors alone amply supports the result. The uncontroverted evidence demonstrated the extraordinary difficulty Fadhl encountered in retaining counsel, and the manifest need in San Francisco for fee enhancements in civil rights cases. The 2.0 multi-

plier is consistent with the unrebutted testimony as to compensation required in the San Francisco market and is generally "in line" with allowances in fee cases in this circuit. *See Clark v. City of Los Angeles,* 803 F.2d 987 (9th Cir.1986) (multiplier of 1.5 upheld where plaintiff was rejected by 10 attorneys before finding counsel). We conclude that the district court did not "enhance [the] fee award any more than necessary to bring the fee within the range that would attract competent counsel." *Delaware Valley II,* 107 S.Ct. at 3091 (O'Connor, J., concurring).

The judgment of the district court is AFFIRMED.

▮▮▮▮▮

---

**2.** It referred specifically to the risks inherent in suing a public entity like the San Francisco Police Department, and to the difficulty of Fadhl's case. 38 EPD at 40,029. A majority in *Delaware Valley II* ruled that neither the complexity of an individual case nor the tenacity of the defendant justifies an enhancement of the

base fee award. 107 S.Ct. at 3082; *id.* at 3091 (O'Connor, J., concurring). The court also noted Fadhl's "exceptional success," a factor permitted in rare cases under *Blum v. Stenson,* 465 U.S. 886 at 899, 104 S.Ct. 1541 at 1544, 79 L.Ed.2d 891 (1984). 38 EPD at 40,029–30.