**Rosa RODRIGUEZ, an individual, Plaintiff,**

v.

**CITY OF LOS ANGELES; and Mark Tappan, an individual, Defendants.**

**Civ. No. CV–90–1417–FW.**

United States District Court, C.D. California.

June 21, 1991.

Shelley Kaufman, Santa Monica, Cal., for plaintiff.

James K. Hahn, City Atty., Thomas C. Hokinson, Sr. Asst. City Atty., Robert J.

---

Pulone, Deputy City Atty., Los Angeles, Cal., for defendants.

## MEMORANDUM OF DECISION AND ORDER RE: AWARD OF ATTORNEY FEES TO PLAINTIFF

WHELAN, District Judge.

In this case, under the Civil Rights Act of 1871 [42 U.S.C. § 1983], trial was heard by the court sitting with a jury. The trial time was three days. The verdict of the jury was in favor of the plaintiff Rosa Rodriguez against the City of Los Angeles for $3,575 in general damages and $500 in punitive damages and against Mark Tappan for $3,575 in general damages and $500 in punitive damages. Counsel subsequently stipulated, and confirmed in open court, that the award of $500 in punitive damages against the City of Los Angeles will not be recovered. Therefore, plaintiff's total recovery equals $7,650.

■ As the prevailing party, plaintiff Rosa Rodriguez is entitled to an award of attorney fees [42 U.S.C. § 1988]. Plaintiff seeks a total award of $58,200 as and for attorney's fees against the City of Los Angeles and Mark Tappan. Specifically, plaintiff seeks a lodestar figure of $29,100 (9.9 hours expended in 1989 multiplied by $150 per hour, and 157.8 hours expended in 1990 and 1991 multiplied by $175 per hour) and a contingency risk enhancement of 2.0. Having considered the evidence presented, the relevant citations, and the performance of plaintiff's attorney, however, the Court finds both the lodestar and enhancement figures, as sought by plaintiff, to be excessive.

■ In determining the appropriate lodestar figure, the Court finds the following factors from *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir.1975) relevant to its analysis: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the service properly; (4) the amount involved and the results obtained; and (5) the experience, reputation and ability of the attorney involved.

This civil rights case did not present novel or difficult questions, entailed limited discovery (a total of three depositions were taken), involved a single law and motion matter (a motion to compel), took three days to try, and resulted in a verdict of $8,150. In light of these facts, the time spent by plaintiff's attorney "digesting" and "reviewing" depositions, reports and records and reviewing retyped jury instructions is repetitive and noncompensable. The Court also considers plaintiff's counsel's entries for appearances and trial inflated, as they exceed the Court's own time records. Accordingly, the Court finds the total number of hours that should reasonably have been expended on this case to be 137.7.

Having considered the evidence presented as to the experience, reputation and ability of plaintiff's attorney, including the fact that this case was her second Federal Court civil rights trial, and the evidence of the customary fee in civil rights actions, and having evaluated the performance of plaintiff's attorney throughout the tenure of this case, the Court finds the reasonable hourly rate for plaintiff's counsel to be $150 per hour.

■ There is a strong presumption that the lodestar figure represents a reasonable attorney's fee; however, in certain exceptional cases, the lodestar figure may be adjusted. *D'Emanuele v. Montgomery Ward & Co., Inc.*, 904 F.2d 1379, 1384 (9th Cir.1990). One such exceptional case is the presence of a risky contingent fee arrangement which requires an enhancement if the fee applicant can establish that without an adjustment for risk, the prevailing party would have faced substantial difficulties in finding counsel in the local or other relevant market, and that the enhancement reflects the difference in market treatment of contingent fee cases as a class. *Id.* citing *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 U.S. 711, 731, 107 S.Ct. 3078, 3089–90, 97 L.Ed.2d 585 (1987), and *Fadhl v. City of San Francisco*, 859 F.2d 649, 650 (9th Cir. 1988).

In this case, plaintiff's attorney's fee arrangement with her client was contingent in nature, that is, had plaintiff not prevailed at trial, her attorney would receive no compensation for time spent on the case. Plaintiff has presented evidence in the form of declarations from attorneys in the Los Angeles market, not rebutted by defendants, which cumulatively state that contingency cases of the nature and class of the instant case would not be taken unless there was the prospect of a fee enhancement. Therefore, based upon the evidence presented, the Court finds that without an enhancement, substantial difficulties would have been faced in finding counsel for plaintiff.

Plaintiff's counsel seeks an enhancement figure of 2.0; however, based upon the evidence and citations presented, particularly *Clark v. City of Los Angeles*, 803 F.2d 987, 991 (9th Cir.1986), the Court finds an enhancement figure of 1.5 better reflects the difference in the market treatment for contingent civil rights cases as a class in the Los Angeles area.

ACCORDINGLY, IT IS HEREBY ORDERED that Plaintiff Rosa Rodriguez shall recover from defendants City of Los Angeles and Mark Tappan the sum of $30,982.50 as reasonable attorney's fees [137.7 hours multiplied by $150 per hour with a contingency enhancement of 1.5].