**Gene C. BERNARDI, individually and on behalf of the class she represents, Plaintiffs–Appellants–Cross–Appellees,**

v.

**Clayton YEUTTER, Secretary of Agriculture, Defendant–Appellee–Cross–Appellant.**

**Nos. 90–15062, 90–15283.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 12, 1991.

Memorandum April 17, 1991.

Order and Opinion Aug. 22, 1991.

Lisa Honig, Mari Mayeda and Guy T. Saperstein, Saperstein, Seligman & Mayeda, Oakland, Cal., for plaintiffs-appellants-cross-appellees.

David A. Shaneyfelt and Frank A. Rosenfeld, U.S. Dept. of Justice, Washington, D.C., for defendant-appellee-cross-appellant.

Before SCHROEDER, BEEZER and NOONAN, Circuit Judges.

## ORDER

The memorandum disposition filed April 17, 1991, 931 F.2d 59, is redesignated as an authored opinion by Judge Beezer.

## OPINION

BEEZER, Circuit Judge:

Gene Bernardi, on behalf of herself and her class, obtained an order holding the Secretary of Agriculture in contempt of court for failure to comply with the terms of a consent decree between the class and the Secretary. The district court later awarded attorneys' fees to the counsel for the class for work performed in obtaining the contempt order. *Bernardi v. Yeutter*, 754 F.Supp. 743 (N.D.Cal.1990). The class now appeals the amount of fees awarded by the district court. The Secretary cross appeals the district court's award of interest on the judgment. We affirm in part and reverse in part.

### I

The motion for contempt was referred by the district court to a magistrate who issued proposed findings of fact and conclusions of law on the contempt motion and on the question of the appropriate amount of attorneys' fees for preparing the contempt motion. The district court adopted the magistrate's findings and recommendations for the contempt motion but did not adopt the magistrate's findings and recommendations for the amount of attorneys' fees. The magistrate recommended a larger fee award than was eventually granted by the district court.

The amounts proposed by the class and recommended by the magistrate were:
$274,598.00 to the class counsel for work performed on the contempt motion; the magistrate also proposed a multiplier of 2.0 bringing the total to $159,196.00;
$9,370.50 to the class counsel for work performed on the petition for fees;
$6,591.02 to the class counsel for costs;

$56,271.00 to counsel hired by the class counsel to litigate the fees petition;

$8,785.97 to counsel hired by the class counsel for their costs in litigating the fees petition;

The total figure proposed was: $630,-214.99

The district court applied a lower hourly rate than was proposed by the magistrate and a lower total hours figure to reach an award of $112,765.80 to the class counsel for work performed on the contempt motion. The district court declined to apply any multiplier, awarded the class counsel only $350.52 for costs associated with the contempt motion, and declined to award any fees or costs for the litigation of the fees petition. The total amount awarded by the district court for attorneys' fees and costs was $113,116.32.

## II

The discrepancy between the $630,214.99 award proposed by the class and recommended by the magistrate and the $113,-116.32 award granted by the district court is the basis of this appeal. The class contends that the magistrate was intimately familiar with the contempt proceedings, and thus the district court should not have substituted its own impressions of the proceedings in place of the magistrate's proposed findings. The parties timely appealed the district court's final Order awarding attorneys' fees, and we have jurisdiction pursuant to 28 U.S.C. § 1291.

The class concedes that a district court's award of attorneys' fees is normally reviewed for an abuse of discretion. *See Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983); *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir.1986), *reh'g denied and amended*, 808 F.2d 1373 (9th Cir.1987). The class contends, however, that in this case the abuse of discretion standard does not apply because the district court was in no better position than this court in determining the appropriate fee amount.

■ The class' position is not persuasive. A district court may refer motions, such as the contempt motion, to a magistrate for proposed findings of fact and recommendations. *See* 28 U.S.C. § 636(b)(1)(B) (1988). If a party objects to the findings or recommendations, the district court:

shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate.

28 U.S.C. § 636(b)(1) (1988).

In the instant case, the district court was well aware of the various stages in the history of the class action. The court had certified the class and approved the consent decree. In making the award of attorneys' fees, the district court reviewed de novo the magistrate's findings and recommendations. That review included an examination of the documents filed in connection with the contempt motion and the documents filed in connection with the attorneys' fees motion.

■ The district court's understanding of the litigation is superior to ours and thus review for an abuse of discretion is appropriate. *See Hensley*, 461 U.S. at 424, 103 S.Ct. at 1935. This is especially true in light of the "desirability of avoiding frequent appellate review of what essentially are factual matters." *Id.*

The class next contends that the district court incorrectly found that the work involved in prosecuting the contempt motion was not complex litigation. Based on its finding that the work was not complex, the district court applied lower hourly rate figures than those requested by the class counsel and proposed by the magistrate.

The district court acknowledged that attorneys' fee awards in civil rights cases are "governed by the same standards which prevail in other types of equally complex federal litigation. . . ." *Hensley*, 461 U.S. at 430 n. 4, 103 S.Ct. at 1938 n. 4. The district court found, however, that the contempt motion was a single motion that did not involve the factors associated with complex federal litigation such as extensive discovery, statistical analysis and expert testimony. The court further found that the

contempt motion was primarily prosecuted on paper and required no more than the synthesizing of five years of reports that had been issued by the consent decree monitor.

The district court was familiar with the underlying litigation, the contents of the consent decree, the process established for monitoring compliance with the consent decree, and the documents filed in connection with the motion for contempt. Although civil rights cases may be characterized as complex litigation, it was not an abuse of discretion for the district court to find that the prosecution of a single motion for contempt that was a part of a civil rights case did not involve complex work.

The class also contends that the district court erred by rejecting the class' proposed figures for billing rates and hours billed. The class' position that its higher rates were justified is based on its contention that the work performed was complex. As discussed above, the district court did not abuse its discretion by refusing to characterize the work as complex. Therefore, the district court's decision to apply rates similar to that charged by two local plaintiff's attorneys for civil rights work was also not an abuse of discretion.

The district court's decision to reduce the class' total hours billed by one half was also not an abuse of discretion. The district court found that class' request for compensation for over 1400 attorney and 800 law clerk and paralegal hours was excessive and represented unnecessary duplication of effort, repetitious fact gathering, and simply an excessive amount of time spent on a contempt motion. The court also found that the class counsel had claimed hours that were not supported by sufficiently detailed records. Finally, the court found that the class counsel could have and should have relied on the reports of the consent decree monitor rather than engaging in needless fact gathering. As a result of these findings, the court found that half of the number of hours reported was sufficient to achieve the results obtained by the class.

This court has stated that "[t]he district court is in the best position to determine in the first instance the number of hours reasonably expended in furtherance of the successful aspects of a litigation and the amount which would reasonably compensate the attorney." Chalmers, 796 F.2d at 1211. We require the district court to provide "some explanation as to how [it] arrived at its figures...." Domingo v. New England Fish Co., 727 F.2d 1429, 1447 (9th Cir.), modified, 742 F.2d 520 (9th Cir.1984). This explanation should provide clear reasons for the fee award. Hensley, 461 U.S. at 437, 103 S.Ct. at 1941.

The explanations offered by the district court are sufficient to allow us to exercise our review function. See D'Emanuele v. Montgomery Ward & Co., Inc., 904 F.2d 1379, 1385 (9th Cir.1990). The district court specifically stated that much of the work performed resulted in duplication of effort because the class counsel could have relied on the work performed by the consent decree monitor. The district court did not abuse its discretion in finding that the results obtained by counsel for the class could have been achieved in half the time spent.

The class also contends that the district court erred by failing to apply a multiplier of 2.0 to compensate for contingent risk. The class has the burden of overcoming the "strong presumption" that the lodestar figure represents a "reasonable" amount. See D'Emanuele, 904 F.2d at 1384. We have held that a multiplier may be applied in certain "rare, exceptional cases." Id.

One exceptional circumstance we have identified as justifying a multiplier is where "payment for attorney's services is contingent upon success and the attorney bears the risk of nonpayment in case of failure." Id. Enhancing a fee award for contingent risk is permissible if two prerequisites are met:

First, the fee applicant must establish that "without an adjustment for risk the prevailing party 'would have faced substantial difficulties in finding counsel in the local or other relevant market.'" Second, any enhancement for contingency must reflect "the difference in market treatment of contingent fee cases as a class, rather than ... the 'riskiness' of any particular cases."

*Fadhl v. City and County of San Francisco,* 859 F.2d 649, 650 (9th Cir.1988) (citations omitted).

In *Fadhl,* we held that the fee petitioner had demonstrated that the application of a 2.0 multiplier was required in the San Francisco market to ensure that counsel will accept civil rights contingency fee cases. *Id.* at 651. We concluded that there was a "need in San Francisco for fee enhancement in civil rights cases." *Id.*

The district court concluded that *Fadhl* did not control the outcome of this case because the class failed to present evidence of difficulty in retaining legal representation, and because the government had presented the testimony of a plaintiff's attorney experienced in civil rights litigation who stated that contingency enhancement was unnecessary to attract plaintiff's counsel to civil rights work in San Francisco.

Although, the plaintiff in *Fadhl* demonstrated a difficulty in retaining counsel, our holding was not limited to that specific showing. We held that there was independent evidence that established a need in San Francisco for enhancements in civil rights cases. The testimony of a single plaintiff attorney contradicting that independent evidence is an insufficient basis for distinguishing *Fadhl* in this case.

The district court did not address whether sufficient independent evidence had been presented that demonstrated that San Francisco no longer has a "manifest need ... for fee enhancements in civil rights cases." *Fadhl,* 859 F.2d at 651. Nor did the district court find that the fee arrangement between the class and the class counsel was not the type of risky contingent fee arrangement identified in *D'Emanuele.*

In *D'Emanuele,* we held that the presence of a risky contingent fee combined with a finding that enhancement is necessary to ensure that attorneys in the relevant market will accept civil rights cases, creates an exceptional circumstance *requiring* enhancement. *D'Emanuele,* 904 F.2d at 1384. The district court, therefore, should have applied a multiplier of 2.0 to the lodestar figure. Accordingly, we increase the district court's attorneys' fee award of $112,765.80 to $225,531.60.

The class also contends that the district court erred in the amount it awarded for costs. The district court denied costs for all expenditures other than copying and then only allowed half of the copies claimed at a rate of $.05 per copy. The class claimed 14,021 copies at a rate of $.20 per copy and reported additional expenditures for items such as mileage, parking, postage, delivery, and transcripts. The total cost request was $6,591.02. The district court awarded $352.52.

As discussed above, the district court found that the counsel for the class duplicated much of the work of the consent decree monitor. Thus, it was not an abuse of discretion for the district court to limit the cost award to $352.52.

The class also objects to the district court's denial of all fees and costs for work performed on the fee petition. The district court found the class abused the fee request process and thus denied all fees and costs for work on the fee petition. The district court's denial of *all* fees and costs for work on the fee petition on the ground that the fee petition amounted to a second major litigation was an abuse of discretion. A review of the record indicates that the request for fees and costs for work on the fee petition is reasonable. We therefore award $65,641.50 for fees incurred in litigating the fee petition: $9,370.50 for work performed by class counsel and $56,271.00 for legal services rendered by counsel employed by class counsel. We also award $8,785.97 for costs incurred in litigating the fee petition.

The final objection raised by the class is directed at the district court's denial of the magistrate's future fees procedure. The magistrate recommended a future fees schedule that would have allowed the class counsel to apply for fees every six months for work associated with reviewing the Secretary's compliance with the consent decree. The district court concluded that the class had failed to demonstrate that a future fee schedule was appropriate.

If a district court has discretion to determine the amount of fees to be awarded, it

clearly has discretion to determine whether a future fee schedule should be established. The class has failed to show that the district court abused its discretion in denying the proposed future fee schedule.

### III

In its cross appeal the Secretary contends that the district court erred by awarding interest on the judgment, pursuant to 28 U.S.C. § 1961, from the date of its Order. The Secretary asserts that § 1961 does not constitute a waiver of sovereign immunity from interest awards and thus the award was an error of law. *See Liberty of Congress v. Shaw*, 478 U.S. 310, 323, 106 S.Ct. 2957, 2966, 92 L.Ed.2d 250 (1986). The class concedes that the Secretary's position represents the current state of the law. Accordingly, we reverse the district court's award of interest against the government.

### IV

The remaining issue is whether the class is entitled to fees for its work on this appeal. The class has requested fees and costs as is required by this court's Rule 28–2.3. Fees may be awarded for work performed in successfully defending or challenging a district court's fee award. *See Southeast Legal Defense Group v. Adams*, 657 F.2d 1118, 1126 (9th Cir.1981).

The class has succeeded on two of the major issues in its appeal, and thus it is entitled to fees for work performed on this appeal. *See Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983) (plaintiff is a prevailing party if it succeeds on any significant issue and obtains some of the benefits sought). Because the issues the class prevailed on are related to the issues it did not prevail on, it is entitled to fees for all hours reasonably expended on this appeal. *See id.* at 434–435, 103 S.Ct. at 1939–1940. The class is instructed to file its request for attorneys' fees as provided by this court's Rule 39–1.6. Each party shall bear its own costs.

### V

The district court's rulings on the issues of whether the work performed was complex, the number of hours reasonably expended on litigating the contempt motion, the reasonable billing rates for the class attorneys, the reasonable amount of costs incurred in litigating the contempt motion, and whether a future fees schedule should be established are AFFIRMED. The district court's rulings on the issues of whether to apply a contingency enhancement multiplier and whether to award fees and costs incurred in litigating the fees petition are REVERSED. Accordingly, the class is awarded attorneys' fees for work on the contempt motion in the amount of $225,531.60 and attorneys' fees for work on the fee petition in the amount of $65,641.50. The class is also awarded $8,785.97 for costs incurred in litigating the fees petition. The district court's award of interest on the judgment is REVERSED. The class is entitled to fees for this appeal which will be fixed by separate order, but each party shall bear its own costs.

AFFIRMED IN PART, REVERSED IN PART.