956 F.2d 1167
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ricky P. MILLER, Plaintiff-Appellee,
v.
CITY OF NEWPORT BEACH, Defendant,
and
Jun Payoyo, Defendant-Appellant.
 Nos. 91-55124, 91-55422.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 6, 1992.
Decided March 4, 1992.
 
 Before TANG, KOZINSKI and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Ricky P. Miller was shot in the back by Newport Beach Police Officer Jun Payoyo. Miller sued Newport Beach and Payoyo under 42 U.S.C. § 1983 (1988), alleging a violation of his Fourth Amendment rights. The jury awarded Miller compensatory and punitive damages. Payoyo appeals. We have jurisdiction and we affirm.
 
 
 3
 Payoyo claims the district court erred in excluding evidence of Miller's prior bad acts.[1] In order for evidence of prior bad acts to be admissible, it must be: (1) relevant to a material, non-character issue under Fed.R.Evid. 404(b) and Fed.R.Evid. 401; and (2) not unduly prejudicial under Fed.R.Evid. 403. Huddleston v. United States, 485 U.S. 681, 686-91 (1988); United States v. Boise, 916 F.2d 497, 500-01 (9th Cir.1990), cert. denied, 111 S.Ct. 2057 (1991). We review for abuse of discretion the district court's exclusion of the evidence in this case. See United States v. Brown, 880 F.2d 1012, 1014 (9th Cir.1989); United States v. Marsh, 894 F.2d 1035, 1038 (9th Cir.1989), cert. denied, 493 U.S. 1083 (1990).
 
 
 4
 The proffered evidence was not relevant because it did not have a tendency "to make the existence of any fact that is of consequence to the determination of the action more probable or less probable...." Fed.R.Evid. 401; Dang Vang v. Vang Xiong X. Toyed, 944 F.2d 476, 481 n. 1 (9th Cir.1991) (quoting Fed.R.Evid. 401). As the district court explained:
 
 
 5
 Defendant did not claim that shooting plaintiff in the back was reasonable and necessary, but that his police revolver discharged accidentally in the struggle to subdue plaintiff.
 
 
 6
 .............................................................
 
 
 7
 ...................
 
 
 8
 * * *
 
 
 9
 [P]utting forth a good faith defense would have been inconsistent with his defense of an accidental shooting. Defendant himself affirmatively testified that there was no justification for intentionally shooting plaintiff. He never claimed that he thought he was justified in shooting plaintiff in the back for any reason.
 
 
 10
 The evidence properly was excluded.
 
 
 11
 Payoyo argues the excluded evidence was relevant to his decision to draw and not reholster his gun while chasing Miller. However, Miller did not dispute Payoyo properly drew his gun. Again there was no error.
 
 
 12
 Payoyo also claims the district court erred in denying his motion for new trial. We review for abuse of discretion the district court's denial of a motion for new trial. Rinehart v. Wedge, 943 F.2d 1158, 1159 (9th Cir.1991) (per curiam). The sole argument for Payoyo's claim is the district court's exclusion of evidence, discussed above. We have already rejected that argument. There was no abuse of discretion.
 
 
 13
 Attorney's fees are authorized in this case under 42 U.S.C. § 1988 (1988). See generally Fadhl v. City and County of San Francisco, 859 F.2d 649, 650 n. 1 (9th Cir.1988) (per curiam). The district court awarded attorney's fees for work performed by attorneys Applegate and Goldstein. Payoyo argues the court should have reduced attorney Goldstein's hours by more than 25% because Goldstein merely prepared the complaint and conducted some discovery. We review for abuse of discretion. Bouman v. Block, 940 F.2d 1211, 1235 (9th Cir.), cert. denied, 112 S.Ct. 640 (1991). We will not disturb the district court's reduction of 25%.
 
 
 14
 Payoyo also claims attorney Applegate's hours should be reduced to reflect his limited success in the case against Newport Beach itself. To decide whether or not the district court abused its discretion on this issue, we must compare " 'the significance of the overall relief obtained' to all the claims and remedies plaintiff[ ] pursued in the litigation." Greater Los Angeles Council on Deafness v. Community Television of S. Cal., 813 F.2d 217, 222 (9th Cir.1987) (quoting Hensley v. Eckerhart, 461 U.S. 424, 435 (1983)), later proceeding, Greater Los Angeles Council on Deafness v. Baldrige, 827 F.2d 1353 (9th Cir.1987). Here, the city prevailed on summary judgment prior to trial; the claim against Officer Payoyo was the heart of the case; the jury awarded a large verdict and punitive damages. We uphold the district court's decision as within its discretion.
 
 
 15
 Finally, Payoyo argues the district court erred in using a multiplier of 1.5 to increase Applegate's award. Under Fadhl, the factors listed by the district court support the decision to award a multiplier. See Fadhl, 859 F.2d at 650-51.
 
 
 16
 Miller is entitled to appellate attorney's fees; the amount shall be determined on remand to the district court.
 
 
 17
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Payoyo also claims Miller waived his right to object to admission of the disputed evidence. This claim is meritless