967 F.2d 583
 76 Ed. Law Rep. 36
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kay AUSTEN, Plaintiff-Appellee,
v.
STATE OF HAWAII; University of Hawaii, Defendants-Appellants,
Kay AUSTEN, Plaintiff-Appellant,
v.
STATE OF HAWAII; University of Hawaii; Travis Summergill;
Richard Seymour, Defendants-Appellees.
 Nos. 91-16082, 91-16096.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 9, 1992.
Decided June 24, 1992.
 
 Before CHAMBERS, FARRIS and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The State of Hawaii appeals the district court's judgment following a bench trial in favor of Kay Austen, tenured faculty in the Department of English, in her Title VII action alleging that officials at the University of Hawaii discriminated against her on the basis of sex. The district court found that the University had subjected her to sex discrimination and to retaliation for having engaged in protected activities and awarded her $300,000 in back pay, as well as ten years' worth of front pay, plus attorney's fees and costs. Austen cross-appeals the district court's denial of an enhancement to the attorney's fees award.
 
 
 3
 Hawaii argues that the district court never found that Austen had established a prima facie case of discrimination because the district court did not find that "decisionmakers placed substantial negative reliance on an illegitimate criterion in reaching their decision." Price Waterhouse v. Hopkins, 490 U.S. 228, 277 (1989). However, the district court did find that "... Austen has proved by the overwhelming weight of the credible evidence that she was subjected to harassment, retaliation, and discrimination by the University of Hawaii ..." Austen v. Hawaii, 759 F.Supp. 612, 622 (D.Hawaii).
 
 
 4
 Once Austen established a prima facie case, Hawaii could rebut it "simply by producing some evidence that it had legitimate, nondiscriminatory reasons for the decision." Watson v. Fort Worth Bank & Trust, 487 U.S. 977, 986 (1988). Here, Hawaii asserted that there were legitimate academic and professional reasons for placing Austen on leave without pay because she failed to appear and teach her classes.
 
 
 5
 If Hawaii carried this burden of production, Austen had to prove by a preponderance of all the evidence in the case that the legitimate reasons offered by Hawaii were a mere pretext for discrimination. Pretext may be shown directly or indirectly. It can be shown directly by persuading the court that a discriminatory reason more likely motivated the employer, or it can be shown indirectly by demonstrating that the employer's proffered explanation is unworthy of credence. Merrick v. Farmers Ins. Group, 892 F.2d 1434, 1437 (9th Cir.1990). Here the district court chose not to give credence to witnesses for Summersgill or the University of Hawaii.
 
 
 6
 The ultimate question of discrimination is generally considered a finding of fact reviewed for clear error. Fragante v. City and County of Honolulu, 888 F.2d 591, 594 (9th Cir.1989), cert. denied, 494 U.S. 1081 (1990). We find the district court did not commit clear error.
 
 
 7
 Front and Back Pay Awards: The district court has wide discretion in awarding remedies to make a Title VII plaintiff whole. Thorne v. El Segundo, 802 F.2d 1131, 1133 (9th Cir.1986). We review a district court's award of damages under an abuse of discretion standard. See Sangster v. United Air Lines, Inc., 633 F.2d 864, 867 (9th Cir.1980), cert. denied, 451 U.S. 971 (1981). Much evidence was presented that Austen was permanently disabled and unable to work again. The district court did not abuse its discretion in awarding front and back pay.
 
 
 8
 Withholding Tax: The district court relieved Austen from withholding tax on her back pay award. The Supreme Court has recently held that withholding taxes are required in Title VII back pay awards. United States v. Burke, 60 U.S.L.W. 440 (May 26, 1992). We reverse the district court and find that Austen's backpay award is subject to withholding tax.
 
 
 9
 Attorney's Fees: An award of attorney's fees is reviewed for abuse of discretion. Hensley v. Eckerhart, 461 U.S. 424, 437 (1983) Recently in Bernardi v. Yeutter, 951 F.2d 971 (9th Cir.1991) the Ninth Circuit reversed a district court case which had not applied a multiplier in a contingency case. Here, Austen met all the criteria and the district court should have applied a multiplier. However, the district court said that it allowed counsel to use it's current billable rate to "... alleviate the need to apply a discretionary enhancement in the form of a lodestar multiplier." Therefore the district court did allow for a multiplier and did not abuse its discretion.
 
 
 10
 We affirm all aspects of the district court judgment except as to the withholding tax, which we reverse.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3