977 F.2d 591
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
ALL MONIES ($572,426.63) IN ACCOUNT NO. 2785800-1 In the
Name of Wadi Kahhat and/or All Other Accounts and/or Joint
Accounts and/or Safe Deposit Boxes of Wadi Kahhat, at Lloyds
Bank, Miami, Florida, Defendant,
Wadi Kahhat; Farid Kahhat; Miranda Kahhat; Carmen Kahhat,
Claimants-Appellants.
UNITED STATES of America, Plaintiff-Appellee,
v.
ALL MONIES ($572,426.63) IN ACCOUNT NO. 2785800-1 In the
Name of Wadi Kahhat and/or All Other Accounts and/or Joint
Accounts and/or Safe Deposit Boxes of Wadi Kahhat, at Lloyds
Bank, Miami, Florida, Defendant,
Wadi Kahhat; Farid Kahhat; Miranda Kahhat; Carmen Kahhat,
Claimants-Appellants.
UNITED STATES of America, Plaintiff-Appellee,
v.
ALL MONIES ($572,426.63) IN ACCOUNT NO. 2785800-1 In the
Name of Wadi Kahhat and/or All Other Accounts and/or Joint
Accounts and/or Safe Deposit Boxes of Wadi Kahhat, at Lloyds
Bank, Miami, Florida, Defendant,
Wadi Kahhat; Farid Kahhat; Miranda Kahhat; Carmen Kahhat,
Claimants-Appellants.
 
 Nos. 91-15847, 91-15944, and 91-16159.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 7, 1992.
Decided Oct. 19, 1992.
 Before CYNTHIA HOLCOMB HALL, BRUNETTI and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 During the course of a drug investigation, the Drug Enforcement Administration ("DEA") seized bank accounts belonging to the Kahhat family. Following a determination of lack of probable cause for the seizure, the district court ordered the government to return the seized funds. The district court then ruled on various post-judgment motions filed by the parties. Four members of the Kahhat family (collectively "Kahhat") appeal from three discrete post-judgment orders entered by the district court. The orders appealed from are as follows: 1) the order denying Kahhat's motion for reconsideration of the court's decision not to award pre-judgment interest on the money seized and eventually returned by the government, 2) the order denying Kahhat's motions requesting attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, and denying the imposition of sanctions under Fed.R.Civ.P. 11, and 3) the order granting the government's motion for reconsideration of the court's decision to award post-judgment interest on the money seized.
 
 DISCUSSION
 A. APPEAL NO. 91-15944
 
 3
 1. Attorneys' Fees Under 28 U.S.C. § 2412(d)(1)(A)
 
 
 4
 In case No. 91-15944, Kahhat appeals the district court's order denying his motion for attorneys' fees and sanctions. Kahhat challenges the district court's conclusion that the government was "substantially justified" within the meaning of the Equal Access to Justice Act ("the Act"), 28 U.S.C. § 2412(d)(1)(A), when it seized his bank account and instituted forfeiture proceedings. Kahhat contends the district court's findings of fact concerning the government's conduct cannot be reconciled with its conclusion that the government's position was "substantially justified." We agree.
 
 
 5
 The government's position is "substantially justified" if it is " 'justified in substance or in the main'--that is, justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988). While the government is not required to prevail on the merits to establish that it was "substantially justified," id. at 569, it carries the burden of proving substantial justification. United States v. $12,248 U.S. Currency, 957 F.2d 1513, 1517 (9th Cir.1992). To be substantially justified, the government's position must be more than "merely undeserving of sanctions for frivolousness." Pierce, 487 U.S. at 566.
 
 
 6
 Normally, the government must have probable cause to support a seizure for forfeiture of property. See United States v. Dickerson, 873 F.2d 1181, 1184 (9th Cir.1988). The standard of probable cause to support a seizure for forfeiture is similar to that required to obtain a search warrant. Id. The government must have reasonable grounds to believe the property was related to a drug transaction, based upon sufficiently reliable information. Id. Mere suspicion is not enough. Id. If the original seizure was invalid, however, after-acquired untainted evidence may be considered to establish probable cause and allow the government to proceed with forfeiture. United States v. One 1977 Mercedes Benz, 708 F.2d 444, 450 (9th Cir.1983), cert. denied, 464 U.S. 1071 (1984).
 
 
 7
 In its August 8, 1990 order granting Kahhat's motion for reconsideration of the denial of his motion for summary judgment and directing the government to return the seized funds, the district court stated: "Based on all the evidence presented, the court finds that, at the time of seizure, the government did not have probable cause to forfeit claimant Kahhat's monies." Later, in that same order, the district court stated: "Given the lack of evidence that any drug monies were transferred into claimant Kahhat's account even after considering the government's post-seizure evidence, the court finds that the government has failed to meet its burden of showing probable cause." Thus, according to the district court's order, probable cause for the seizure never existed.
 
 
 8
 Nevertheless, the district court found the government's position to be "substantially justified," and denied an award of fees. In its order denying the award, the district court stated: "The government's actions in this case were not the best planned, nor the best executed. However, this court at one time found that the government did have probable cause to seize [Kahhat's] funds. A later finding of no probable cause does not mandate a finding of no substantial justification."
 
 
 9
 It is undisputed that when the government applied for the seizure warrant it was aware of the exculpatory fact that Melendez was also using accounts of innocent businessmen to launder his drug money. While the government is not required to prevail on the merits in order to establish substantial justification, its conduct in withholding a critical exculpatory fact in order to seize the funds, and then relentlessly pursuing forfeiture, belies the government's contention that its position was "substantially justified." See, e.g., $12,248 U.S. Currency, 957 F.2d 1517-18 (affirming district court's award of EAJA fees even though probable cause for the forfeiture); United States v. One 1984 Ford Van, 873 F.2d 1281, 1282 (9th Cir.1989) (finding no substantial justification and reversing the district court's denial of EAJA fees even though the government prevailed on the merits in the district court, but lost on appeal); United States v. Gavilan Joint Community College Dist., 849 F.2d 1246, 1248-49 (9th Cir.1988) (finding no substantial justification and reversing the district court's denial of EAJA fees because the government pursued litigation in the face of a clear affirmative defense); Cardwell v. Kurtz, 765 F.2d 776, 782 (9th Cir.1985) (finding no substantial justification and reversing the district court's denial of EAJA fees because the search warrant failed to satisfy the particularity requirement).
 
 
 10
 Under the circumstances, we conclude the district court abused its discretion when it denied the award of attorneys' fees to Kahhat on the ground the government was "substantially justified." Accordingly, we reverse that portion of the district court's order and remand the case to the district court for further consideration, including whether Kahhat is eligible to recover under the Act based on his net worth.
 
 2. Rule 11
 
 11
 Kahhat contends the district court abused its discretion when it refused to impose Rule 11 sanctions against the government. He alleges that the government did not conduct a reasonable investigation prior to seizing his funds. Kahhat also complains that the government did not accurately investigate the source of the allegation that he "bought his way out" of a prior drug related arrest.
 
 
 12
 Sanctions must be imposed on the signer of a paper if either 1) the paper is filed for an improper purpose, or 2) the paper is "frivolous." Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1362 (9th Cir.1990) (en banc). The court has discretion, however, to determine the appropriate sanction, including reasonable attorneys' fees. The standard governing both inquiries is objective. Id. A "frivolous" filing is one that is both baseless and made without a reasonable and competent inquiry. Id.
 
 
 13
 While the government ultimately failed to establish probable cause for the seizure, we cannot agree that its filings were baseless and made without reasonable inquiry. The district court did not abuse its discretion when it refused to impose Rule 11 sanctions.[1]
 
 B. APPEAL NO. 91-16159
 Jurisdiction for Post-judgment Interest
 
 14
 In case No. 91-16159, Kahhat appeals the district court's order granting the government's motion for reconsideration of its March 14, 1991 order and vacating the award of post-judgment interest. As a threshold matter, Kahhat contends the district court lacked jurisdiction to decide the government's motion for reconsideration of the award for post-judgment interest. According to Kahhat, the government's motion was filed beyond the ten-day period allowed by Fed.R.Civ.P. 59(e) and, therefore, it was untimely and could not be considered on jurisdictional grounds. Alternatively, Kahhat argues the district court could not decide the government's motion because a notice of appeal had already been filed and, therefore, the district court was divested of jurisdiction.
 
 
 15
 We note that neither party ever appealed from the underlying judgment in this case; namely, the district court's order finding no probable cause for the seizure and instructing the government to release Kahhat's funds. Consequently, the district court retained jurisdiction to consider post-judgment motions filed by the parties. While it is true that a properly filed notice of appeal will divest the district court of subject matter jurisdiction over the matter appealed from, see, e.g., Sierra Pac. Indus. v. Lyng, 866 F.2d 1099, 1113 (9th Cir.1989), that did not happen in this case.
 
 
 16
 At the time the district court ruled on the government's motion for reconsideration, Kahhat had filed notices of appeal only from the district court's order denying his motion for reconsideration of the court's order declining to award pre-judgment interest (No. 91-15847), and the court's order denying an award of attorneys' fees and sanctions (No. 91-15944). In appeal No. 91-15847, Kahhat was appealing only the denial of his motion for reconsideration of the court's decision not to award pre-judgment interest. Neither party had appealed from the district court's initial decision to grant post-judgment interest.
 
 
 17
 Each of the three orders appealed from in this case involve different discrete issues and separate orders dealing with the various motions filed by Kahhat and the government. At the time the court granted the government's motion for reconsideration seeking to vacate the award of post-judgment interest, Kahhat had not appealed from any order that granted him post-judgment interest. That matter was still with the district court. The court's order denying Kahhat post-judgment interest (No. 91-16159) was separate and apart from the previous orders Kahhat had appealed from. His appeal from the denial of a post-judgment interest award was timely and filed only after the court entered its final decision on that matter. We conclude the district court properly assumed jurisdiction to decide the government's motion filed pursuant to Fed.R.Civ.P. 60(b)(6).
 
 C. APPEALS NOs. 91-15847/91-16159
 Merits
 
 18
 Kahhat contends the district court erred when it denied both pre- and post-judgment interest on the ground of sovereign immunity. On appeal, all arguments presented by Kahhat apply equally to pre- and post-judgment interest. He sets forth four theories to support an award of interest for the period the government held his money. They include an estoppel theory, a takings theory, a fruit of a productive tree theory, and a contract theory.
 
 
 19
 Under the "no-interest" rule, interest cannot be recovered in a suit against the government in the absence of an express waiver of sovereign immunity. Library of Congress v. Shaw, 478 U.S. 310, 311 (1986). Interest may not be awarded against the government in the absence of express statutory or contractual consent. Id. at 314. If a question arises whether Congress has waived sovereign immunity in a particular instance, the court should construe the waiver strictly in favor of the government. Id. at 318.
 
 
 20
 There is no such express statutory basis for a waiver of immunity in this case. Section 2465 directs that "[u]pon the entry of judgment for the claimant in any proceeding to ... forfeit property seized under any Act of Congress, such property shall be returned forthwith to the claimant." By its plain language, section 2465 does not authorize a waiver of the government's sovereign immunity from an award of interest. Nor may Kahhat rely on 28 U.S.C. § 1961,[2] for an award of post-judgment interest against the United States. See, e.g., Bernardi v. Yeutter, 951 F.2d 971, 976 (9th Cir.1991) (Section 1961 does not constitute a waiver of sovereign immunity from interest awards.); International Woodworkers of America v. Donovan, 769 F.2d 1388, 1392 (9th Cir.1985) ("[W]ith respect to attorney fee awards under the EAJA, there is no waiver of the government's immunity from interest in Section 1961, the EAJA or any other statute.").
 
 
 21
 Kahhat attempts to overcome the force of the "no-interest" rule by advancing various theories, which he contends either preempt the "no-interest" rule, or simply render the rule inapplicable because he is asking for a return of property, not interest. We find these contentions to be without merit under the particular circumstances of this case. Accordingly, the district court correctly declined to award Kahhat interest for the time period the government held his money.
 
 
 22
 Each party shall bear their own costs on appeal. The orders of the district court are
 
 
 23
 AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Also, Kahhat vigorously challenges the credibility of the information contained in Florence Nakakuni's affidavit. The district court denied his motion to strike the affidavit, and there has been no formal determination that the information contained therein was not credible. Thus, the district court did not abuse its discretion when it declined to impose sanctions for that filing
 
 
 [2]
 Section 1961 provides, in part, that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court."