**In re TECUMSEH CONSTRUCTION COMPANY.**

**NATIVE AMERICAN FINANCIAL, INC., Plaintiff,**

**v.**

**TECUMSEH CONSTRUCTION COMPANY, a Corporation, and John R. Roberts, its Trustee, et al., Defendants.**

**Bankruptcy No. 90–02414–A–7. Adv. No. 91–2030.**

United States Bankruptcy Court, E.D. California.

March 15, 1993.

Martin Brifman, Sacramento, CA, Patrick F. Hussey, Yakima, WA, for plaintiff.

John F. Gisla, Sacramento, CA, Michael A. Stabler, Asst. U.S. Atty., Kansas City, MO, for defendant U.S.

John R. Roberts, trustee.

Thomas G. Mouzes, Greg Tenorio, Hauser & Mouzes, Woodbridge, CA, for defendant/trustee.

## ORDER GRANTING MOTION IN PART AND DENYING MOTION IN PART

LOREN S. DAHL, Chief Judge.

The above-entitled motion having been submitted for decision, and after consideration thereof, it is

**ORDERED** that the aforesaid motion be and the same is hereby granted in part and denied in part.

The court grants that part of the motion where the plaintiff seeks a determination that it holds a first priority perfected security interest in the proceeds withheld on behalf of the United States Department of Labor (Department). Accordingly, the court also grants that part of the motion where the plaintiff seeks turnover of the amounts withheld.

■ The court has studied all of the authorities cited by the parties and has conducted its own independent research. While the court agrees with the Department that the doctrine of recoupment is well-recognized, *In re Newberry Corporation,* 145 B.R. 998 (Bankr. 9th Cir.1992); *In re California Canners and Growers,* 62 B.R. 18 (Bankr. 9th Cir.1986), recoupment cannot defeat the rights of a creditor who holds a properly perfected Article 9 security interest. *Cf. Valley National Bank of Arizona v. Cotton Growers Hail Insurance, Inc.,* 155 Ariz. 526, 747 P.2d 1225, 1230 (Ct.App.1987) (a creditor with an Article 9 security interest has priority over a creditor seeking setoff). In order to rule in favor of the Department, the court would have to ignore completely Article 9—leading to a result which simply would be wrong.

■ The court denies that part of plaintiff's motion which seeks the recovery of prejudgment interest. Interest cannot be recovered in a suit against the United States in the absence of an express waiver of sovereign immunity which is separate from a general waiver of immunity from suit. *Library of Congress v. Shaw,* 478 U.S. 310, 314, 106 S.Ct. 2957, 2961, 92 L.Ed.2d 250 (1986). 28 U.S.C. sec. 1961 does not constitute such an express waiver. *Bernardi v. Yeutter,* 951 F.2d 971, 976 (9th Cir.1991).

As no genuine issues of material fact exist, summary judgment is appropriate as to plaintiff's request for a determination of its priority and for turnover against the Department. As a matter of law, however, plaintiff is not entitled to prejudgment interest.

**IT IS SO ORDERED.**