Theodore Anderson **RINEHART,** Jr., individually, and as Co–Executor of the Estate of Theodore Anderson Rinehart, Sr.; Betty F. Rinehart, as Co–Executor of the Estate of Theodore Anderson Rinehart, Sr., Plaintiffs–Appellants,

v.

Virgil H. **WEDGE;** Woodburn, Wedge, Blakey & Jeppson, a Nevada corporation, Defendants–Appellees.

Theodore Anderson **RINEHART,** Jr., individually, and as Co–Executor of the Estate of Theodore Anderson Rinehart, Sr.; Betty F. Rinehart, as Co–Executor of the Estate of Theodore Anderson Rinehart, Sr., Plaintiffs–Appellees,

v.

Virgil H. **WEDGE;** Woodburn, Wedge, Blakey & Jeppson, a Nevada Corporation, Defendants–Appellants.

Nos. 89–15711, 89–15841.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 12, 1991.

Decided Sept. 11, 1991.

Jay S. Horowitz and Kim Ikeler, Horowitz & Berrett, P.C., Denver, Colo., for plaintiffs/appellants/cross-appellees.

James C. Martin, Kathy M. Banke, Crosby, Heafey, Roach & May, Oakland, Cal., for defendants/appellees/cross-appellants.

Before BROWNING, FARRIS and LEAVY, Circuit Judges.

PER CURIAM:

Theodore Anderson Rinehart, Jr., and Betty F. Rinehart appeal a judgment in the second trial of their legal malpractice action against Virgil H. Wedge and his law firm, Woodburn, Wedge, Blakey, & Jeppson. The Rineharts argue that the district court erred in granting defendants' motion for a new trial following entry of judgment. Wedge and his law firm cross-appeal, arguing that the Rineharts lack standing. We affirm.

We review the district court's ruling on a motion for new trial for abuse of discretion. *Mateyko v. Felix,* 924 F.2d 824, 828 (9th Cir.1990), *petition for cert. filed,* 59

U.S.L.W. 3825 (U.S. Apr. 22, 1991) (No. 90–1811); *Hard v. Burlington Northern R.R.*, 812 F.2d 482, 483 (9th Cir.1987).

The Rineharts contend that: (1) the grant of the new trial violated Fed.R.Civ.P. 49(b) and deprived them of their constitutional right to a jury trial; (2) the admission of juror affidavits was error; (3) the objection to the recalculated verdict was waived; (4) the district court violated Fed. Rule Civ.P. 59(d); and (5) the district court erred in ordering conditional remittitur.

### (1) *Whether grant of the new trial was abuse of discretion*

▉▉▉ The Rineharts argue that the district court was required to strike the general verdict and enter a verdict consistent with the factual findings. We reject the argument.

Upon the record, the district court could properly find that the process by which it recalculated the general verdict and polled the jury to ratify the recalculated verdict was flawed. Therefore, it was permitted to find later that it intruded on the jury's deliberative process and coerced the verdict. *Cf. United States v. United States Gypsum Co.*, 438 U.S. 422, 462, 98 S.Ct. 2864, 2886, 57 L.Ed.2d 854 (1978) (judge's *ex parte* conference with jury foreman amounted to supplemental instruction to foreman relating to jury's obligation to return verdict); *Jenkins v. United States*, 380 U.S. 445, 446, 85 S.Ct. 1059, 1060, 13 L.Ed.2d 957 (1965) (per curiam) (judge's statement that "[y]ou have got to reach a decision in this case" held coercive); *United States v. Sexton*, 456 F.2d 961, 966–67 (5th Cir.1972). When the verdict is coerced by the trial court, a new trial must be granted. *See Jenkins*, 380 U.S. at 446, 85 S.Ct. at 1060; *United States v. Frazin*, 780 F.2d 1461, 1470 (9th Cir.), *cert. denied*, 479 U.S. 844, 107 S.Ct. 158, 93 L.Ed.2d 98 (1986).

Setting aside the verdict in accordance with Fed.R.Civ.P. 49(b) did not violate the Rineharts' constitutional rights. *See Gallick v. Baltimore & Ohio R. Co.*, 372 U.S. 108, 119, 83 S.Ct. 659, 666, 9 L.Ed.2d 618 (1963) (new trial can be ordered consistent with seventh amendment if jury's findings cannot be reconciled).

### (2) *Whether juror affidavits were admissible*

▉▉▉ The Rineharts argue that juror affidavits that impeached the verdict after it was entered were inadmissible under Fed.R.Evid. 606(b).[1]

Pursuant to Rule 606(b), a juror may testify to the existence of an outside influence that was improperly brought to bear upon the jury. *Traver v. Meshriy*, 627 F.2d 934, 941 (9th Cir.1980). *See also Tanner v. United States*, 483 U.S. 107, 117, 107 S.Ct. 2739, 2745, 97 L.Ed.2d 90 (1987) (exception to common law rule prohibiting admission of juror testimony to impeach a verdict where "extraneous influence" alleged to have affected jury). The judge's comments to the jury were an improper influence. *See* Fed.R.Civ.P. 49(b) (judge given discretion only to: (1) enter judgment consistent with answers to interrogatories; (2) return jury for further deliberation; or (3) order new trial). The testimony was admissible to prove the court's influence. Although the trial judge should have excluded those portions of the jurors' statements that referred to the subjective effect of the extraneous influence on the jurors, *see United States v. Maree*, 934 F.2d 196, 201 (9th Cir.1991), the error was harmless in light of the judge's own observations of the jurors' behavior.

The irregularity of the proceedings gave the court reason to believe its instructions

---

**1.** Rule 606(b) provides, in relevant part:

Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon that or any other juror's mind or emotions as influencing the juror to assent to or dissent from the verdict or indictment or con-

cerning the juror's mental processes in connection therewith, except that a juror may testify on the question whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear upon any juror.

or actions may have coerced the verdict. When the court has reason to believe it possibly coerced the verdict, it can look to the surrounding circumstances, including the jury's response to the instructions. *See Frazin*, 780 F.2d at 1470. The trial court observed that, during the recalculation of the verdict, the jurors "appeared to be unhappy and dissatisfied with the result." This provided an independent ground for the court's ruling.

### (3) *Whether Wedge waived the objection*

 The Rineharts argue that Wedge waived any objection regarding improper jury influence because he failed to object when the verdict was read. We reject the argument. An objection on the ground that the court improperly influenced the jury is not necessarily waived if not made in court. *See Brasfield v. United States*, 272 U.S. 448, 450, 47 S.Ct. 135, 135, 71 L.Ed. 345 (1926) (failure to except to court's inquiry as to division of jurors did not preclude Supreme Court from correcting error, which affected proper relations of the court to jury and could not be remedied after harm was done). When counsel discovers after a jury is discharged that the jurors possibly were influenced by an outside source, the objection is not waived. *See Remmer v. United States*, 347 U.S. 227, 228, 74 S.Ct. 450, 450, 98 L.Ed. 654 (1954) (petitioner read in newspaper after verdict that FBI agent communicated with juror during trial).

### (4) *Whether the district court violated Rule 59(d)*

 The district court may grant a motion for a new trial for a reason not stated in the motion "[a]fter giving the parties notice and an opportunity to be heard on the matter." Fed.R.Civ.P. 59(d). The Rineharts argue that the district court ordered the new trial for a reason not stated in the motion, without giving the parties notice and an opportunity to be heard. We

understand but reject the argument. The reason was set out in Wedge's points and authorities. The Rineharts therefore had notice of the argument and an opportunity to refute it.

### (5) *Whether the district court erred in conditionally ordering remittitur*

 The Rineharts argue that the district court abused its discretion by ordering them to remit the difference between the recalculated award and the jury's original general verdict or face a new trial.

The argument is meritless. The district court found that the recalculated verdict was coerced and in excess of the jury's intended verdict. The court was free to "grant defendant's motion for a new trial or deny the motion conditional upon the prevailing party accepting a remittitur." *Fenner v. Dependable Trucking Co.*, 716 F.2d 598, 603 (9th Cir.1983) (holding that district court should have given prevailing party option of submitting to new trial or accepting reduced amount of damage).

Because we affirm, we need not address the cross-appeal.

AFFIRMED.