**AMERICAN TRIM, L.L.C., Plaintiff**

v.

**ORACLE CORPORATION, Defendant**

**No. 3:99CV7265.**

United States District Court,
N.D. Ohio,
Western Division.

July 25, 2002.

E. Todd Wilkowski, Keating, Muething & Klekamp, P.L.L., James E. Burke, Keating, Muething & Klekamp, Cincinnati, Jeffrey S. Creamer, Shumaker, Loop & Kendrick, Toledo, Steven C. Coffaro, Keating, Muething & Klekamp, Cincinnati, OH, for Plaintiff.

Dorian Daley, Oracle Corporation, Redwood City, CA, Harris A. Senturia, James D. Thomas, Squire, Walter J. Rekstis, III, Squire, Sanders & Dempsey, L.L.P., Cleveland, OH, for Defendant.

## ORDER

CARR, District Judge.

This is a diversity case in which a jury returned a verdict in favor of the plaintiff and against the defendant on plaintiff's claims of intentional misrepresentation, intentional concealment, and false promise, and negligent misrepresentation. Pending is defendant's motion for approval of questions of jurors. (Doc. 233). For the reasons that follow, that motion shall be denied, and defendant shall be ordered to show cause why sanctions, as requested by plaintiff, should not be imposed.

Plaintiff initially sued on contract claims, as well as the fraud and fraud-related claims that were tried to the jury. Trial of the fraud claims was severed from trial of the contract claims, and trial of the fraud claims was further bifurcated into two phases. Phase one tried the issues of deceit, intent, and reliance, and phase two tried the issues of causation and damages.

Defendant states that it has already questioned the jurors about the effectiveness of particular lines of inquiry and ways of presenting evidence and the overall effectiveness of counsel. These subjects are appropriate, as they seek to enhance counsels' competence in future cases.

Defendant, which objected to bifurcation of the fraud trial, seeks leave to address the following additional questions to the jurors:

1. Did the opinions you formed or conclusions you reached in the first phase affect your consideration of the evidence and issues in the second phase?

   a. If so, in what way?

2. In the first phase the jury found that Oracle made misrepresentations to American Trim. Did that finding affect your understanding of the evidence in the second phase about whether American Trim's failure to implement the software was caused by Oracle?

3. Would any of the evidence that you heard in the second phase of the trial have had a different impact if you had heard it in the first phase?

   a. If so, what evidence and how?

4. In either phase, did you form any opinion or reach any conclusion as to whether Oracle had fulfilled or breached any of its contractual obligations to American Trim?

   a. If so, did that opinion or conclusion have any impact on your opinion or conclusions as to the issues you were asked to decide?

5. Were you angry or upset at being asked to return for a second phase six weeks after the first phase?

a. Did you feel angry or upset with either or both of the parties?

b. Did you believe that there was a possibility that you would be called back again for a third phase?

c. Did any such feelings or belief have any impact on your consideration of the evidence and arguments in the second phase?

6. What do you think of the manner in which the case was divided into phases?

7. Did you have any difficulty with keeping an open mind about the issues and evidence during the second phase of the trial?

■ Whether to allow counsel to interview jurors after a trial,*see, e.g., Wilkerson v. Johnson,* 699 F.2d 325, 330 (6th Cir. 1983), and the scope of any such inquiry, *see, e.g., United States v. Logan,* 250 F.3d 350, 378 (6th Cir.2001), are matters for the trial judge's discretion. In any event, Rule 606(b) of the Federal Rule of Evidence limits the scope of permissible juror testimony: a juror cannot testify "as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon that or any other juror's and or emotions as influencing the juror to assent to or dissent from the verdict ... or concerning the juror's mental processes in connection therewith, ...." The only exception to this strict restriction is that a juror may testify as to "whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear upon any juror ...."

Though Oracle cites, it ignores Rule 606(b) and the limitations it imposes on testimony by jurors. It likewise does not acknowledge the limited definition of "external influence," as that term is used in Rule 606(b), and has been defined in this circuit. *See United States v. Herndon,* 156 F.3d 629, 636 (6th Cir.1998) ("one derived from specific knowledge about or a relationship with either the parties or their witnesses. This knowledge or relationship is such that it taints the deliberations with information not subject to a trial's procedural safeguards.").

Oracle does not suggest that prejudicial information came to the jurors' attention or that they were influenced by anything that came to them from outside the courtroom. Instead, Oracle implies that this court's bifurcation order was an "external influence" upon the jury's deliberations. (Doc. 233 at 2). To suggest that a pretrial judicial decision on a procedural matter is an improper "outside influence," as that term is used in Rule 606(b), is silly, and constitutes unsophisticated pettifoggery of the highest, and most inexcusable order.

The single case cited by Oracle as supportive of its request, *Rinehart v. Wedge,* 943 F.2d 1158 (9th Cir.1991), involved a judge's direct and improper influencing of a verdict. The facts of that case have nothing in common with this case. More importantly, the ruling in that case has no bearing whatsoever on Oracle's request to put its proposed questions to the jurors.

There is no merit to Oracle's request, which directly contravenes Rule 606(b). Each of Oracle's questions seeks to delve directly and deeply into the jurors' deliberative processes and emotions. To allow those questions to be asked would be entirely improper under Rule 606(b) and controlling case law.

■ Even if there were some propriety to any of the proposed questions, or any part of any of those questions, Oracle's request still should be denied on the basis of improper harassment of the jurors. Certainly no juror should be subject to the interrogatories, or interrogation, proposed

by Oracle. At some point, jurors are entitled to be left alone. Now they will be.

Plaintiff's opposition seeks imposition of sanctions under Fed.R.Civ.P. 11. Given the lack of merit to Oracle's request, and its failure to cite anything minimally supportive of that request, I am tempted to order Oracle to show cause why sanctions should not be imposed under Fed.R.Civ.P. 11, U.S.C. § 1927, and this court's inherent power to sanction conduct that leads to unnecessary delay and a waste of judicial resources. But I will decline to do on the assumption that no appeal will be taken from this ruling on defendant's motion—which, in all candor, bears the hallmarks of having been a make-work project for a summer clerk at Squire, Sanders & Dempsey, the law firm representing the defendant.

If an appeal is taken from this ruling, and if that appeal is not successful, plaintiff can renew its request for sanctions. In the meantime, publication of this opinion serves as sufficient sanction for the waste of resources necessitated by the filing of this motion.

It is, therefore,

ORDERED THAT:

1. Oracle's motion for approval to question jurors be, and the same hereby is denied; and

2. Plaintiff's motion for sanctions be, and the same hereby is overruled, without prejudice.

So ordered.